UNITED STATES FIRE INSURANCE COMPANY, Appellant,

v.

T. C. STRICKLIN, Appellee.

No. 19165.

Court of Civil Appeals of Texas, Dallas.

Feb. 1, 1977.

Larry L. Gollaher, Thompson, Coe, Cousins & Irons, Dallas, for appellant.

Corbet F. Bryant, Jr., Carrington, Coleman, Sloman, Johnson & Blumenthal, Dallas, for appellee.

AKIN, Justice.

This is a motion by appellant pursuant to Tex.R.Civ.P. 21c requesting the court to permit the filing of a transcript on the sixty-third day after appellant's motion for new trial was overruled by operation of law. We have previously granted appellant's motion and ordered the appeal filed. In so ordering, we expressly overruled the prior opinion of this court in *Sloan v. Passman*, 536 S.W.2d 575 (Tex.Civ.App.—Dallas 1976, no writ) and adopted the view expressed by Chief Justice Guittard in his dissent in that case. *Sloan v. Passman*, 538 S.W.2d 1 (dissenting opinion). We now state our reasons.

Although appellant's attorney had the transcript in his possession in ample time to file it with this court, he did not do so because he desired the maximum time permitted by the rules for the preparation and filing of his brief due to the length and complexity of the case. Accordingly, he retained the transcript until the date that he had calculated it to be due and then tendered it for filing. At that time our clerk discovered that appellant's attorney had miscalculated his time for filing his appeal by one day, and since the sixtieth day fell on a Friday, he had tendered his transcript on the sixty-third day. In his motion he avers that the error occurred because he had previously miscalculated the date when his motion for new trial was overruled by operation of law; consequently, this miscalculation resulted in the transcript being tendered on the sixty-third day. The transcript was ordered thirty-one days after the motion for new trial was overruled by operation of law, and the statement of facts was requested two months prior to the date the motion was overruled by operation of law. Appellant argues that this is a "reasonable explanation" as required by Tex.R.Civ.P. 21c. In opposition, appellee asserts that appellant's attorney's deliberate act of waiting until what he thought to be the last day for filing the transcript was "calculation brinkmanship" and was not, therefore, a reasonable explanation under the decision of this court in *Sloan v. Passman, supra.* In that case, this court held that the appellant's failure to give a "reasonable explanation" with respect to the first forty-two days after the motion for new trial was overruled and before ordering the transcript was conclusively fatal under rule 21c because diligence and promptness was implicit in rule 21c. We also held that the explanation presented for not filing timely after receipt of the transcript prior to the sixtieth day was not reasonable.

In his dissent in *Sloan*, Chief Justice Guittard defined reasonable explanation as "any plausible statement of circumstances indicating that failure to file within the sixty-day period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance." This is the standard applicable to avoidance of default judgments enunciated by the supreme court in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 125 (1939). The following cases have adopted this standard originally enunciated by Chief Justice Guittard in his dissenting opinion in *Sloan: Stieler v. Stieler*, 537 S.W.2d 954, 957 (Tex.

Civ.App.—Austin 1976, no writ); *Mulloy v. Mulloy*, 538 S.W.2d 818, 819 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ); *Gallegos v. Truck Insurance Exchange*, 539 S.W.2d 353, 354 (Tex.Civ.App.—San Antonio 1976, no writ); and *Meshwert v. Meshwert*, 543 S.W.2d 877 (Tex.Civ.App.—Beaumont 1976) *writ granted on this point* 20 Tex.Sup.Ct.J. 170 (Jan. 29, 1977).

We are now of the opinion that Chief Justice Guittard was correct in applying the *Craddock* standard to the reasonable explanation required by rule 21c. Accordingly, we have joined him in adopting this standard and expressly overrule the prior majority opinion of this court in *Sloan*. As the late Mr. Justice Frankfurter said in *Henslee v. Union Planters National Bank*, 335 U.S. 595, 600, 69 S.Ct. 290, 293, 93 L.Ed. 259 (1949): "[W]isdom too often never comes, and so one ought not to reject it merely because it comes late."

We have concluded that the interpretation in *Sloan* was too strict in that it was tantamount to the "good cause" test under former rule 386, the harshness of which rule 21c was intended to temper. The *Sloan* opinion was also wrong in holding that a reasonable explanation need be offered for the entire sixty-day period. We hold instead that in this case only the time after appellant receives the transcript is material and requires explanation. An explanation of the delay in ordering the transcript would be necessary only if it prevented appellant from obtaining it in time for filing on the sixtieth day. Furthermore, no unreasonable delay is occasioned by this view because rule 21c requires that the motion to extend time must be filed within fifteen days after the sixtieth day, and a relatively short delay, such as that involved here, does not interfere with the orderly and timely disposition of appeals.

In so holding, we do not construe the term "reasonable explanation" as giving this court absolute discretion to permit late filing as the Corpus Christi Court of Civil Appeals held in *Hilyard v. Fannel Studio, Inc.*, S.W.2d (Tex.Civ.App.—Corpus Christi 1976, no writ). Instead, this language limits our discretion to a determination of whether the explanation offered is reasonable under the *Craddock* standard. To hold that rule 21c leaves the appellate court with the discretion to permit late filing without some standard may result in differing degrees of strictness or leniency as shown by our opinions in *Sloan*. In applying the *Craddock* standard to the motion here, we hold that the appellant's attempted late filing was not intentional, but was due to the attorney's miscalculation of the date upon which his motion for new trial was overruled by operation of law. Accordingly, we hold that the explanation offered is a reasonable one within the ambit of rule 21c. Consequently, we ordered the appeal filed.