**Mack Bernard YATES, Appellant,**

v.

**The STATE of Texas, Appellee (two cases).**

**Nos. 56316, 56317.**

Court of Criminal Appeals of Texas.

Oct. 26, 1977.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

Appellant waived his right to trial by jury and entered pleas of guilty to two separate indictments charging him with aggravated robbery. Punishment was assessed at five years in each case.

Although the records before us contain a transcription of the court reporter's notes, no brief was filed in the trial court in appellant's behalf pursuant to Article 40.09, Section 9, V.A.C.C.P., and none has been filed in this Court. The records reflect that appellant is indigent. He was represented by court-appointed counsel at trial, and this same attorney was also appointed to represent him on appeal.

Notices of completion of the records were mailed to appellant's counsel on May 24, 1977. No objections to the records were made and the records were approved by the trial court on June 20, 1977. Thereafter, the 30-day period of time for counsel to file a brief in the trial court in appellant's behalf pursuant to Article 40.09, Section 9, supra, expired. Counsel made no effort to seek an extension of time in which to file a brief from this Court. See Article 40.09, Section 16, V.A.C.C.P.[1]

---

1. That statute, effective May 25, 1977, provides:

"Extensions of time for meeting the limits prescribed in Sections 3, 6, 9, and 10 of this Article for either the appellant or the State

On August 8, 1977, the clerk of the trial court notified the trial judge, counsel for appellant, and counsel for the State that the time in which to file a brief in appellant's behalf had expired and that the records on appeal reflected that no pauper's oath had been filed. This was erroneous as the records reflect that appellant is indigent and is represented by court-appointed counsel. No doubt, had the trial court not been misinformed, he would have required that a brief be filed in appellant's behalf prior to the transmission of the records to this Court.

 When the time to file a brief under Article 40.09, Section 9, has expired, there has been some misconception that trial judges no longer have authority to require counsel to file a brief. This belief is apparently held because new Article 40.09, Section 16, requires extensions of time to be sought from this Court and not the trial court, contrary to former practice. The trial court has a duty under the Texas and federal constitutions to provide an appellant with the effective assistance of counsel on appeal. This assistance, however, cannot be afforded without requiring that counsel file a brief in an appellant's behalf.

It is settled that the Texas and United States Constitutions require that an indigent defendant is entitled to the effective assistance of counsel on appeal. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Currie v. State,* 516 S.W.2d 684 (Tex.Cr.App.1974); *Hawkins v. State,* 515 S.W.2d 275 (Tex.Cr.App.1974); *McMahon v. State,* 529 S.W.2d 771 (Tex.Cr.App.1975). And, the decision of the Supreme Court of the United States in *Anders v. California,* supra, requires that court-appointed counsel file a brief in appellant's behalf. In the instant case the court-appointed counsel has failed to perform that duty.

The appeal will be abated so that appellate briefs may be filed. It will be the duty of the trial court to see that this is done under Article 40.09, V.A.C.C.P. If this is not done, the trial court has authority to punish for contempt under Article 1911a, V.A.C.S.

The court still has control over the case until the record reaches this Court. *Rangel v. State,* 408 S.W.2d 231 (Tex.Cr. App.1966). Even though a late brief is filed, he can grant a new trial. If the court refuses to grant a new trial after a late brief has been filed and the record is forwarded to this Court, then this Court will determine if the brief will be considered on appeal. This will give the trial court an opportunity to pass upon the grounds raised in the brief before it reaches this Court.

The appeals are abated. No motion for rehearing will be entertained.

---

may be granted by the Court of Criminal Appeals or a judge of the Court for good cause shown on timely application to the Court of Criminal Appeals."

Pursuant thereto, Rule 13 of this Court's rules was promulgated. Since September 1, 1977, it has provided:

"All motions for extension of time under Article 40.09, Section 16, V.A.C.C.P., effective May 25, 1977 shall be in writing and shall be filed with the Clerk of the Court of Criminal Appeals. Each such motion shall specify: (1) the trial court where the case is pending; (2) the number and style of the case in the trial court; (3) the offense for which the appellant was convicted; (4) the punishment assessed against the appellant; (5) the present deadline for the filing of the item in question; (6) the length of time requested for the extension; (7) the number of extensions of time which have been previously granted regarding the item in question; (8) the facts relied upon to show good cause for the requested extension, and (9) when an extension of time is requested for the filing of a transcription of the court reporter's notes, the facts relied upon to show good cause must be supported by the affidavit of the court reporter which shall include the court reporter's estimate of the earliest date when the transcription can be completed."