**Bobby Gene TALLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62812.**

Court of Criminal Appeals of Texas, Panel No. 1.

Jan. 30, 1980.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and W. C. DAVIS, JJ.

OPINION

ONION, Presiding Judge.

Appellant entered a plea of guilty before a jury to the offense of aggravated robbery. V.T.C.A., Penal Code, § 29.03. He was convicted, and the jury assessed punishment enhanced under V.T.C.A., Penal Code, § 12.42(c), at imprisonment for life in the Texas Department of Corrections.

The record is before us with a transcription of the court reporter's notes. However, no brief was filed in the trial court in appellant's behalf pursuant to Article 40.09, subd. 9, V.A.C.C.P.

The record reflects that on June 20, 1978, counsel was appointed to represent the appellant on appeal.

Notice of completion of the record was mailed to appellant's counsel on November 3, 1978. No objections to the record were

made, and the record was approved by the trial court on November 29, 1978. Thereafter, the thirty-day period of time for counsel to file a brief in the trial court on appellant's behalf, pursuant to Article 40.-09, subd. 9, supra, expired. There is nothing in the record before us to reflect that counsel has made any effort to seek an extension of time in which to file a brief from this court. See Article 40.09, subd. 16, V.A.C.C.P., and Rule 15 of the rules of this court, promulgated under the authority of Article 44.33, V.A.C.C.P.

The record further reflects that the trial court ordered court-appointed counsel to appear and show cause for his failure to file a brief on February 15, 1979, and again on March 26, 1979. The record does not reflect what action, if any, was taken by the trial court at the show cause hearings.

In *Yates v. State*, 557 S.W.2d 115 (Tex.Cr. App.1977), we stated:

"When the time to file a brief under Article 40.09, Section 9, has expired, there has been some misconception that trial judges no longer have authority to require counsel to file a brief. This belief is apparently held because new Article 40.09, Section 16, requires extensions of time to be sought from this Court and not the trial court, contrary to former practice. The trial court has a duty under the Texas and federal constitutions to provide an appellant with the effective assistance of counsel on appeal. This assistance, however, cannot be afforded without requiring that counsel file a brief in an appellant's behalf."

In *Guillory v. State*, 557 S.W.2d 118 (Tex. Cr.App.1977), we had further occasion to discuss the duty of the trial court to ensure that an indigent defendant is provided with effective assistance of counsel on appeal. In *Guillory*, we stated:

". . . The trial judge has the authority to require appointed counsel to file a brief in appellant's behalf. *Luna v. State*, 527 S.W.2d 548 (Tex.Cr.App.1975). If a court-appointed attorney fails to file a brief within the time provided by Art. 40.09(9) and fails to request an extension

of time from this Court under Art. 40.-09(16), the trial court still has the authority to require appointed counsel to file a brief in an appellant's behalf. There are many ways for the trial court to exercise this authority. Upon learning that no brief has been filed in appellant's behalf under Art. 40.09(9), the trial court can issue an order commanding court-appointed counsel to file a brief within a specified period of time. If no brief is filed within that time, the trial court can issue another order requiring counsel to show cause as to why he should not be held in contempt. See Art. 1911a, supra. The trial court can also report counsel to the appropriate grievance committee for disciplinary action. In the alternative, the trial judge can relieve an appointed attorney who has not fulfilled his duties to his client and appoint an attorney who will act as an advocate to represent the indigent on appeal. The trial judge can also see to it that recalcitrant attorneys receive no further appointments to represent indigents in his court."

As noted earlier, show cause hearings were set for February 15, 1979 and again on March 26, 1979, indicating the trial court or its staff was well aware that court-appointed counsel had not performed his duty. However, no action of any kind appears to have been taken. Subsequently, when the trial court omitted its duty under Article 40.09, subd. 12, V.A.C.C.P., apparently because there were no briefs from either the appellant or the State, the appellate record was forwarded to this court.

Thus this court, the only appellate court in the State for criminal matters with the heaviest caseload of any state appellate court, is called upon to review still another case when the trial court, its staff, the District Clerk and his deputies should have all known before transmitting the record what action this court must take when the appellate record was in the condition it is. We are constantly reviewing records where, as in *High v. State*, 573 S.W.2d 807 (Tex.Cr. App.1978), the "frivolous appeal" briefs do not meet the requirements of *Anders v.*

*California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App.1974), and *Gainous v. State*, 436 S.W.2d 137 (Tex.Cr.App.1969), or as in the instant case, where the record clearly reflects that the appellant is represented by appointed counsel on appeal and no brief has been filed in accordance with Article 40.09, V.A.C.C.P., and there is no sworn motion to dismiss the appeal. In *High* it was observed that trial courts, particularly in metropolitan areas, are blessed with additional staff members in the form of clerks, court coordinators, etc. If this paralegal personnel is capable of assisting the trial judge in other matters, they certainly should be able to review appellate records to avoid the expenditure of effort and expense that is required to have an appellate record transmitted to this court and months later have the appeal abated because no brief has been filed for the appellant as required by law.[1] This result was clearly predictable before the appellate record ever left the trial court. Such unnecessary and built-in delay should not be tolerated in our system of criminal justice. We should all bend our efforts to eliminate unnecessary delay in the administration of justice.

This appeal is abated so that appellate briefs may be filed in the trial court. It will be the duty of the trial court to see that this is done under the provisions of Article 40.09, V.A.C.C.P. If this is not done, the trial court has the authority to punish for contempt under Article 1911a, V.A.C.S., as well as the other options outlined in *Guillory v. State*, supra.[2]

 We would further note that after receipt of our mandate of abatement, trial court still has control over the case until supplemental record again reaches this court. *Rangel v. State*, 408 S.W.2d 231

(Tex.Cr.App.1966), and *Yates v. State*, supra. Even though a late brief is filed, the trial court still has authority to grant a new trial. If the trial court refuses to grant a new trial after a late brief has been filed and the record is forwarded to this court, then this court will determine if the briefs will be considered on appeal. This procedure will give the trial court an opportunity to pass upon the grounds raised in the briefs before the record again reaches this court. See Article 40.09, subd. 12, supra.

The appeal is abated.

ODOM, J., concurs in result.

---

1. The following appeals are also abated by per curiam opinion this day because appointed counsel has failed to file a brief: *Sanders v. State*, 592 S.W.2d 645; *Fowler v. State*, 592 S.W.2d 645; *Fowler v. State*, 592 S.W.2d 645; *Griffin v. State*, 592 S.W.2d 645; *Miles v. State*, 592 S.W.2D 645; *Moutra v. State*, 592 S.W.2d 645; and *Zuniga v. State*, 592 S.W.2d 645, all from Harris County.

2. See *In re Van Orden*, Tex.Cr.App., 559 S.W.2d 805, ancillary to *Ex parte Barnett*, (1977), where an attorney was found in contempt for failing to file a brief for an indigent defendant. Punishment for said contempt was assessed at ten days in jail and a fine of $100.00.