James Lee PICARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 81 041 CR.

Court of Appeals of Texas,
Beaumont.

Oct. 28, 1981.

David Bonham, Nederland, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

*Opinion on Motion for Rehearing of Motion for Extension of Time*

KEITH, Justice.

In the matter above captioned, the record was approved on August 11, 1981. *Art. 40.09, § 7, V.A.C.C.P.*, as amended, Vernon's Texas Session Law Service 1981, Acts 67th Leg., Reg.Sess., Ch. 291, Sec. 108, at 804, 807.[1] Counsel was advised by the trial court of such fact and that his appellate brief was due to be filed within thirty days thereafter. See *Art. 40.09, § 9, V.A.C.C.P.*

No brief was filed within the prescribed time; but, on September 9, 1981, counsel filed a motion for an extension of time within which to file such brief. By an order dated September 24, 1981, we denied the motion for an extension, citing *Art. 40.09, § 13, V.A.C.C.P.*, and *Tex.Cr.App.R. 6*. Appellant has timely filed a motion for rehearing of our order denying the extension of time.

In considering the question now before us, we note that the only limitation upon the time within which a motion for extension of time for the filing of an appellate brief is that contained in *Rule 6*.[2] This Rule promulgated by the Court of Criminal Appeals, insofar as applicable to the instant question, is predicated upon statutory authority contained in *Art. 44.33, V.A.C.C.P.*:[3]

> "(a) The Court of Criminal Appeals shall make rules of posttrial and appellate procedure as to the hearing of criminal actions not inconsistent with this Code."

Other than housekeeping changes to accommodate an amended statute, the only significant change in old Rule 13 [as quoted

---

1. All subsequent references to Vernon's Ann. Code of Criminal Procedure are to the Code as amended in 1981 by S.B. 265, 67th Leg., unless otherwise noted.

2. *Tex.Cr.App.R. 6*, insofar as material to this case, reads:

   "All motions for extension of time under Article 40.09(13), of the Code of Criminal Procedure shall be in writing and shall be filed with the clerk of the appellate court in which the case will be filed. *All motions shall be filed at least one week before the deadline for the filing of the item in question.* Each such motion shall specify in the following order:

   \* \* \* \* \* \*

   "(8) the facts relied upon to show good cause for the requested extension, ..." (emphasis supplied)

3. The Court's order of July 17, 1981, promulgating the Rules, also refers to authority granted in *Art. 40.10* and *Art. 44.45, V.A.C.C.P.*, but we are of the view that neither of these articles is pertinent to the discussion before the Court.

in *Yates v. State*, 557 S.W.2d 115, 116–117 fn. 1 (Tex.Cr.App.1977)] and new *Rule 6* was the addition of a single sentence:

"All motions shall be filed at least one week before the deadline for the filing of the item in question."

The Court did not articulate the reasons prompting the adoption of the new time requirement.

█ It is implicit in the Rule that upon failure to comply with any of the provisions thereof, including the time requirement, the appellate court is authorized to deny the relief sought, i.e., the extension of time. But, if we follow *Rule 6* as to the timely filing of the motion for the extension of time to file the brief, we will deny appellant one of his constitutional rights, as will be shown hereafter.

While the motion does not complain that our reliance upon *Rule 6* deprives the appellant of rights guaranteed to him by law, we reach such theory sua sponte.

█ Under our record, we are of the opinion that *Rule 6* is inapplicable to motions for extension of time to file an appellate brief on behalf of an indigent. In so holding, we rely upon the well-established precedent that rule-making authority of any court may not validly modify a statute or conflict with constitutional provisions. See, generally, *20 Am.Jur.2d, Courts § 84, at 446 (1965); 21 C.J.S. Courts § 170, at 260, 262–263 (1940)*. If there is a conflict, the Rule is inoperative.

In *Vitela v. State*, 566 S.W.2d 933, 935 (Tex.Cr.App.1978), the Court restated the rules governing representation of counsel on appeal, saying:

"It is settled that the Texas and United States Constitutions require that an indigent defendant is entitled to the effective assistance of counsel on appeal. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App.1974); *Hawkins v. State*, 515 S.W.2d 275 (Tex.Cr.App.1974); *McMahon*

*v. State*, 529 S.W.2d 771 (Tex.Cr.App. 1975). Furthermore, the decision of the Supreme Court of the United States in *Anders v. California*, supra, requires that court-appointed counsel file a brief in appellant's behalf."

See also, *Yates v. State*, supra 577 S.W.2d at 117, holding that the effective assistance of counsel cannot be afforded without requiring that counsel file a brief in an appellant's behalf.

Thus, it is clear that appellant's counsel will not have discharged his constitutional duty to his indigent client until he shall have filed an appellate brief in the client's behalf. *Vitela v. State*, supra. And, conversely, the indigent appellant will not have been afforded his constitutional rights until counsel shall have discharged this duty.

It follows, therefore, that we were in error in denying counsel's motion for an extension of time within which to discharge his duty set out above.[4] Our action had the effect of relieving appellant's counsel of his duty, a consequence far from our intended result. The order of this Court dated September 24, 1981, denying leave for an extension of time within which to file such brief is vacated.

However, we are not authorized to take the same action as was taken by the Court in *Yates*, supra, because of a statutory change. At the time *Yates* was decided, and until September 1, 1981, a defendant was required to file the appellate brief "with the clerk of the *trial court.*" *Art. 40.09, § 9, V.A.C.C.P. (Supp.1980–1981);* now, and at all times subsequent to September 1, 1981, the brief must be filed "with the clerk of the *appellate court.*" *Art. 40.-09, § 9, V.A.C.C.P.*

█ We are of the opinion that "the trial court still has a duty under the Texas and federal constitutions to provide an indigent defendant with an adequate record on appeal, . . ." *Guillory v. State*, 557 S.W.2d 118, 120 (Tex.Cr.App.1977), and authorities therein cited. This continuing duty also includes the duty of providing the indigent

---

**4.** We are not required to accept as a matter of course the "good cause" alleged in such a motion for an extension, nor are we bound to grant the lengthy period which was sought in this instance. These are questions which will be addressed later in this opinion.

defendant with counsel. *Guillory v. State*, supra at 121.

However, we are of the opinion, under the present statute, the responsibility of enforcing the requirement that appointed counsel file the appellate brief is now that of the appellate court. This is so for the reason that the record has been closed and approved by the trial court and all subsequent proceedings are for appellate court determination. Having accepted the responsibility and duty delegated to this Court, we will make use of such tools for the enforcement of the responsibility as are available to us.[5] *Guillory v. State*, supra.

We turn now to the reserved question of the sufficiency of the "good cause" for the requested ninety-day extension sought by appellant's counsel. The sole reason set forth in the motion is that he "has not had ample opportunity to prepare his Brief due to the following: [here are listed two divorce actions, two 'modifications' and one 'contempt', all in the District Court of Jefferson County handling Domestic Relations cases]."

A cursory review of the transcript indicates that the appeal is from an order revoking probation and the entire record—the transcript of the clerk's documents and the transcription of the court reporter's notes—comprises only 169 pages.

This Court, along with trial courts generally, is sympathetic to and cooperative with busy trial counsel in their efforts to meet all of the demands upon their professional time schedule.[6] However, we are unwilling to consider an additional ninety days delay in this case because of the pendency of five domestic relations proceedings. We do not accept counsel's "excuse" ten-

dered as being in compliance with the "good cause" requirement of the Rule.

But, though we are of the opinion that counsel's motion for the extension of time was and is insufficient, both factually and legally, its denial would result in the deprivation of the indigent appellant of his constitutional rights. Under these circumstances, we are constrained to grant the motion and extend the time for the filing of such brief.

Appellant's motion for a rehearing of his motion to extend the time for the filing of the brief is granted; the time for the filing of such brief is extended for a period of twenty-one days from and after the date of this opinion.[7]

Rehearing granted and motion for extension of time granted to the extent herein set forth.

---

5. This court may not have at our disposal *all* of the remedies available to a trial judge, as outlined in *Guillory v. State*, supra at 121. See also, *High v. State*, 573 S.W.2d 807, 809–810 (Tex.Cr.App.1978), quoting and following *Guillory v. State*, supra.

6. Probation was revoked on February 24, 1981, although it was several months before the record was completed. Counsel on appeal was also counsel at the trial. Thus, he had already had months within which to consider the appeal before the statutory time began to run.

7. Should counsel not file the brief so as to comply with the duty imposed upon him at the time he accepted the appointment to represent his indigent client within the time herein extended, he may expect this Court to enforce the performance of the duty by such means as may be available, including those set forth in *Guillory* and *High*, supra (fn. 5). See also, *In re Van Orden*, 559 S.W.2d 805 (Tex.Cr.App.1977).