**Leroy ALVARDO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–82–007 CR.**

Court of Appeals of Texas,
Beaumont.

April 30, 1982.

Stanley Schneider, Houston, for appellant.

James H. Keeshan, Dist. Atty., Conroe, for appellee.

### OPINION

on

### MOTION FOR EXTENSION OF TIME

PER CURIAM.

Appellant's counsel has filed his fourth motion for an extension of time within which to file appellant's brief. Sentence was imposed on August 18, 1981, and the record reached this Court after a delay in

preparation of the stenographic transcription of the trial. Since then, counsel has sought four extensions of time, claiming the press of other business.[1]

We had indicated earlier, in ruling upon the second and third motions, that we were not impressed with counsel's diligence or his asserted reasons for such extensions. On the third motion, we advised counsel that "no more extensions of time" would be granted. Yet, in the face of this admonition, counsel apparently has taken on more cases which he asserts have prevented him from discharging the duty imposed upon him when he accepted employment in the case at bar.

While the record indicates that appellant is confined in the Texas Department of Corrections for a maximum period of ninety-nine years, so that time is not of the essence from the standpoint of State's counsel, if there is merit to appellant's appeal, which we do not reach in this order, he is entitled to a speedy determination of the appeal.

Prior to September 1, 1981, the trial judges had the burden of enforcing the duty of appellate counsel to timely file briefs and, in *Guillory v. State*, 557 S.W.2d 118, 121 (Tex.Cr.App.1977), the Court spelled out in detail the various steps which were available to trial judges in enforcing counsel's duty of filing the appellate brief. A year later, in *High v. State*, 573 S.W.2d 807, 809–810 (Tex.Cr.App.1978), the lengthy statement of reasons available to the trial court were repeated. The *Guillory* language was published for a third time in *Talley v. State*, 593 S.W.2d 702, 703 (Tex.Cr.App.1980). These cases were all decided under *Art. 40.09, § 9, V.A.C.C.P.*, at a time when appellate briefs were required to be filed in the trial court. Since September 1, 1981, the same statute, but now amended, requires such briefs to be filed in the Court of Appeals.

The change, in our opinion, has not lessened the obligation of the trial court to provide the indigent defendant with counsel. *Guillory v. State*, supra (557 S.W.2d 121). But, under the present statute, the responsibility of enforcing the requirement that counsel file the appellate brief is now that of the appellate court. This is so for the reason that the record has been approved and closed by the trial court and all subsequent proceedings are for appellate court determination.

The foregoing line of cases deal with the authority of the trial court to enforce counsel's obligations to file a brief when appointed on behalf of an indigent defendant. But, Texas has abandoned the distinction between retained and appointed counsel when their effectiveness is challenged; each is required to be reasonably competent and neither should render inadequate representation. *Hurley v. State*, 606 S.W.2d 887, 890 (Tex.Cr.App.1980); *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980).

Consequently, whether counsel is retained or appointed is not material; he is subject to the same rules governing his representation of his client. He has not discharged the duty of rendering reasonably adequate representation when he fails to timely file an appellate brief. *Guillory v. State*, supra.

While we may not have at our disposal all of the resources formerly available to trial courts under the *Guillory Rule*, we will utilize such as are available to us under the authorities.[2] All of the other means mentioned in *Guillory* are available to us in enforcing counsel's duty to file the appellate brief in this cause.

Therefore, it is now

---

1. He noted seven pending cases requiring his attention in the first motion, only three in the second motion, five were listed in the third motion. Finally, in the current motion he lists twelve pending cases. Obviously, this case is not getting preferred attention of counsel.

2. Obviously, this Court has no authority to appoint counsel in the ordinary case; consequent-

ly, we are without authority to "see to it that recalcitrant attorneys receive no further appointments to represent indigents in his court." *Guillory* (at 121). We can, and will in such cases, furnish the trial judge with information from our record as a guide to his future action in such matters.

ORDERED:

*First*: Appellant's appointed counsel, Stanley G. Schneider, shall file a brief, conforming in all respects to the requirements of *Art. 40.09, § 9, V.A.C.C.P.*, with the Clerk of this Court at or before 5 p. m., May 15, 1982.

*Second*: The Clerk will give notice to said counsel by certified mail addressed to counsel at his address shown in our record.

*Third*: If no brief is filed within the time set out above, the Clerk is directed to issue a show cause order requiring counsel to show cause on or before 9 a. m., May 28, 1982, why he should not be held in contempt of this Court.

*Fourth*: A copy of this order shall be sent to the Honorable Lee G. Alworth, Judge of the District Court, 221st Judicial District of Texas.