**Charles Douglas HAWKINS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–320–CR.**

Court of Appeals of Texas,
Fort Worth.

July 21, 1982.

Frank W. Sullivan, III, Fort Worth, Tex., for appellant.

Tim Curry, Dist. Atty. and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for State.

Before HUGHES, BROWN and JORDAN, JJ.

PER CURIAM.

This is an appeal from a conviction for possession of a controlled substance. Punishment was assessed at life in the Texas Department of Corrections.

Appellant's court-appointed attorney, the Honorable Frank W. Sullivan, III, has filed a seventh request for extension of time to file the appellant's brief. On June 17, 1982 this court granted appellant's sixth motion to extend time to file appellant's brief. That time limit expired July 16, 1982. Accordingly, appellant's seventh motion to extend time to file his brief is denied.

Absent a showing of extraordinary circumstances, this court will deny motions to extend time to file briefs after the movant has received two extensions.

In *Guillory v. State,* 557 S.W.2d 118 (Tex. Cr.App.1977) and *Talley v. State,* 593 S.W.2d 702 (Tex.Cr.App.1980), the court outlined options available to the court when no brief is filed. Alternatives discussed include:

1. Commanding counsel to file a brief within a specified period of time and if he fails to do so, issue an order requiring counsel to show cause why he should not be held in contempt.

2. Report counsel to appropriate grievance committee.

3. Relieve the attorney and appoint an attorney who will act as an advocate.

4. Direct trial judge to see that the attorney receives no further appointments to represent indigents in his court.

*Guillory* and *Talley* were decided prior to this court's acquisition of appellate jurisdiction in criminal cases. However, the same options are available to this court in criminal cases.

Therefore, this cause is ABATED and counsel for the appellant is ORDERED to file the appellant's brief in fifteen (15) days from date of this order.

We take this occasion to instruct counsel of this judicial district that hereafter—in criminal cases—attorneys for appellants will be granted no more than two extensions of time to file original briefs, absent a showing of exceptional circumstances to be proved by affidavits before resort to one of the options set forth in *Guillory* and *Talley* by the Court of Criminal Appeals.