**Charles R. MORGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00365–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 2, 1983.

Charles Butts, San Antonio, for appellant.

Houston C. Munson, Jr., Dist. Atty., Gonzales, for appellee.

Before CADENA, C.J., and CANTU and REEVES, JJ.

## OPINION

PER CURIAM.

This is an appeal from a conviction for burglary of a habitation and revocation of probation. The trial court found appellant guilty and sentenced him to five years in the Texas Department of Corrections. Sentence was probated and probation was subsequently revoked. Following revocation of probation, appellant gave notice of appeal and retained counsel to represent him on appeal. Appellant has not proffered a motion to dismiss.

Appellant's counsel has failed to file briefs setting forth error as required by Tex.Code Crim.Pro.Ann. art. 40.09, § 9 (Vernon Supp. 1982), nor has counsel requested an extension of time to file the briefs which were due November 23, 1981.

■ The United States Supreme Court held in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), that court appointed attorneys must file a brief on behalf of their clients. The holding in *Anders, supra,* has been adopted by the Texas Court of Criminal Appeals. *See Yates v. State,* 557 S.W.2d 115 (Tex.Cr.App. 1977); *Guillory v. State,* 557 S.W.2d 118 (Tex.Cr.App.1977); and *Talley v. State,* 593 S.W.2d 702 (Tex.Cr.App.1980). In cases where court appointed attorneys have not filed appellate briefs, the Court of Criminal Appeals has traditionally abated the appeal, remanding the case to the trial court with instructions that the trial court order the court appointed attorney to file a brief. *Talley v. State, supra.*

We believe that *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) mandates that defendants who retain their own counsel receive the same protection as defendants for whom the State appoints counsel.

In *Cuyler v. Sullivan, supra,* the Supreme stated:

> The vital guarantee of the sixth amendment would stand for little if the often uninformed decision to retain a particular lawyer could reduce or forfeit the defendant's entitlement to constitutional protections. Since the State's conduct of a criminal trial itself implicates the State in the defendant's conviction, we see no basis for drawing a distinction between retained and appointed counsel that would deny equal justice to defendants who must choose their own lawyers.

446 U.S. at 344, 100 S.Ct. at 1716.

■ The rationale applied in *Cuyler, supra,* is that the guarantee of effective as-

sistance of counsel cannot depend on the distinction between retained and appointed counsel. *Anders, supra,* dictates that a defendant is entitled to effective assistance of counsel on appeal and that the constitutional minimum of effective assistance is that the attorney at least file a brief.

This appeal is abated and remanded to the trial court for the purpose of conducting a hearing on counsel's failure to file an appellate brief on behalf of appellant. It is our opinion that it is the duty of the trial court to see that briefs are filed as required by Tex.Code Crim.Pro.Ann. art. 40.09, § 9 (Vernon Supp. 1982). If counsel fails or refuses to perform as required, the trial court has the power to punish for contempt under Tex.Rev.Civ.Stat.Ann. art. 1911a (Vernon Supp. 1981) or to elect other options set out in *Guillory v. State, supra.*

Accordingly, the appeal is abated and remanded to the trial court with instructions as set forth in this opinion.