**Margaret KING, et al., Appellants,**

v.

**Roy DUPUIS, d/b/a Rodeway Inn, Appellee.**

**No. 13659.**

Court of Appeals of Texas, Austin.

April 13, 1983.

Rehearing Denied May 4, 1983.

Rick Fancer, Gibbins, Burrow & Bratton, Austin, for appellants.

David C. Duggins, Mike Klatt, Thomas, Winters & Shapiro, Austin, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

SHANNON, Justice.

This is an appeal from an order of the district court of Llano County dismissing appellant's lawsuit for want of jurisdiction. The issue presented is whether appellee, a Louisiana resident, is amenable to process by the Llano County district court. This Court is of the view that he was not and, accordingly, will affirm the order of the district court.

Appellants Margaret King and Inez Thompson sued appellee Roy Dupuis, doing business as Rodeway Inn, for personal injuries in the district court of Llano County. Appellants pleaded that appellee is the owner and operator of a Rodeway Inn located in Lafayette, Louisiana. Appellants had rented a room in the motel on April 4, 1979, and during that evening someone broke into their room. Although appellants were not physically harmed by the intruder, they were frightened. Appellants alleged that as appellee's agents refused to give them assistance, they departed the motel and continued their journey east from Lafayette. Before daylight, appellants' car ran out of gas and they were left stranded on the highway, where they were finally assisted by a highway patrolman. Appellants pleaded that they suffered "severe physical pain and mental anguish" resulting from appellee's breach of his duty as an innkeeper.

Appellee, pursuant to Tex.R.Civ.P.Ann. 120a (1979), filed a special appearance for the purpose of objecting to the district court's exercise of jurisdiction over his person because he was not amenable to process issued by Texas courts.

At the hearing on the special appearance, it was proved that appellee pays Rodeway Inns International, Inc., a monthly fee in Dallas, Texas, for appellee's participation in both the national reservation system and national advertising provided by Rodeway Inns International, Inc. Appellee is facilitated in obtaining reservations from Texas and other states as the result of his participation in the national reservation system provided by Rodeway Inns International, Inc.

After sustaining appellee's special appearance, the district court, upon appellants' request, filed findings of facts and conclusions of law. The district court found as fact that the motel involved is owned by Paul R. Dupuis & Associates, a partnership, and that appellee owns an interest in that partnership. The partnership operates the motel pursuant to a licensing agreement signed on August 3, 1972, in Dallas, Texas, between Rodeway Inns of America and appellee. Rodeway Inns of America owns no interest in the motel in question. The district court found further that "[t]he only activity or transaction within the State of Texas of the Rodeway Inn in Lafayette, Louisiana, was the act of entering into a licensing agreement with Rodeway Inns of America." The court found further that appellants' lawsuit did not arise from, nor was connected with, the act of entering into the licensing agreement within the State of Texas.

Appellants claim generally that the district court erred in dismissing their suit because appellee "has sufficient contacts with the State of Texas to be amenable to suit in Texas." In their brief, appellants narrowed the issue by conceding that appellee "could not be validly served under Article 2031b [Tex.Rev.Civ.Stat.Ann. art. 2031b (Supp.1982)] because the [appellants'] cause of action did not arise out of the [appellee's] contacts with Texas."

Appellants maintain that they should prevail even without the benefit of art. 2031b. Appellants' strategy, specifically "to get around the nexus hurdle of Article 2031b," included an argument that jurisdiction over the person of a non-resident may be predicated upon the provisions of Tex.R.Civ.P. Ann. 108 (1979). Appellants support this thesis by reference to the language in Rule 108, as amended in 1976, providing that a party served pursuant to the rule shall be required to appear and answer in the same manner as if he had been personally served within Texas "to the full extent that he may be required to appear and answer under the Constitution of the United States." Appellants claim that their employment of

service on appellee pursuant to Rule 108 is proof that under Texas procedure there is "more than one way to skin a cat."

 In response, appellee asserts that Rule 108 "does not lengthen Texas' long arm [art. 2031b]." This Court gives no credit to appellants' argument that the 1976 amendment to Rule 108 was intended by the Supreme Court as an expansion of the statutory foundation for personal jurisdiction over a non-resident. The Supreme Court's rules may not abridge, enlarge, or modify the substantive rights of any litigant. Tex.Rev.Civ.Stat.Ann. art. 1731a § 2 (1962); Tex.R.Civ.P.Ann. 815 (1967). *Few v. Charter Oak Fire Insurance Company,* 463 S.W.2d 424 (Tex.1971).

 Had appellants claimed error predicated upon art. 2031b, which they did not, under the facts of this case the district court still had no *in personam* jurisdiction over appellee. As this Court understands current law, under art. 2031b, a tripartite test must be met in order to subject a non-resident to jurisdiction in Texas when his contacts with Texas are few or only one:

(1) the nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state;

(2) the cause of action must arise from, or be connected with, such act or transaction; and

(3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice; consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

*Hall v. Helicopteros Nacionales De Columbia,* 638 S.W.2d 870 (Tex.1982, cert. granted); *Siskind v. Villa Foundation for Education, Inc.,* 642 S.W.2d 434 (Tex.1982); *O'Brien v. Lanpar Co.,* 399 S.W.2d 340 (Tex. 1966). When the non-resident has numerous contacts with the forum state such as to satisfy the ultimate test of due process, the second prong is unnecessary. *Hall v. Helicopteros Nacionales De Columbia, supra.*

 In the present appeal, the district court found as a fact (1) that the only activity or transaction within Texas of the nonresident was the entering into of the licensing agreement in 1972, and (2) that appellants' cause of action did not arise from, nor was connected with, the act of entering into the licensing agreement in Texas. The record supports the district court's findings of fact. In addition, since appellants challenge neither finding of fact by point of error, they, as well as this Court, are bound by those findings. *Katz v. Rodriguez,* 563 S.W.2d 627 (Tex.Civ.App. 1978, writ ref'd n.r.e.); *Texas State Bd. of Pharmacy v. Gibson's Discount Center,* 541 S.W.2d 884 (Tex.Civ.App.1976, no writ). Accordingly, appellants' facts do not satisfy the nexus requirement of art. 2031b.

Finally, it may be concluded with some certainty that appellee's contacts with this State are not so numerous, systematic, and continuous so as to satisfy the ultimate standards of due process. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The order of the district court is affirmed.

BRADY, J., not participating.