Arturo Perez **GOMEZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–88–433–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 30, 1988.

Randy Mack, Bonilla & Berlanga, Inc.,
Corpus Christi, for appellant.

Jose Aliseda, Jr., Co. Atty., Beeville, for
appellee.

OPINION

UTTER, Justice.

Appellant has filed in this Court a motion
for extension of time to file notice of appeal and a motion for extension of time to
file the transcript and statement of facts.
We deny the motions and dismiss the appeal for want of jurisdiction.

Appellant was convicted of public intoxication and fined $200.00. Although appellant has not tendered an appellate transcript in this case, through his motions and
other documents filed, it is apparent that
the judgment was entered on May 24, 1988.
Appellant filed a motion for new trial on
June 16, 1988.

Pursuant to Tex.R.App.P. 41(b)(1), notice
of appeal had to be filed within 90 days of
the judgment, or by August 22, 1988. No
notice of appeal was filed by that date.

On September 7, 1988, appellant filed a
notice of appeal. This date was sixteen
days after the original deadline for the
filing of the notice of appeal. Appellant
thus failed to comply with the first procedural step provided in Rule 41(b)(2) for
extending the time to give notice of appeal.

Tex.R.App.P. 41(b)(2) provides that an
extension of time may be granted by the
court of appeals if such notice is (1) filed
within fifteen days after the last day allowed and (2) within the same period a
motion is filed in the court of appeals reasonably explaining the need for such extension.

On October 7, 1988, appellant filed his
motions in this Court to extend the deadlines for notice of appeal and the appellate
record. Appellant's motion to extend the
time for filing notice of appeal under Rule
41(b)(2) was more than 30 days late. Accordingly, appellant also failed to comply
with the second procedural step to gain an
extension of time.

■ Appellant's counsel explained in his motions that he had miscalculated the date for appeal. He explained:

"Pursuant to Rule 329b(c) of the Texas Rules of Civil Procedure, Randy Mack understood that the Motion for New Trial was not overruled as a matter of law until seventy-five days after the judgment was signed. Randy Mack believed that there was a thirty-day period after the Motion for New Trial was overruled in which to appeal. The Motion for New Trial was overruled as a matter of law on August 8, 1988. Therefore, Randy Mack thought that appellant had until September 7, 1988, in which to perfect his appeal."

■ The term "reasonably explaining" means any plausible statement of circumstances indicating that the failure to file within the appropriate deadline was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex.1977). In *Joslin v. Joslin*, 636 S.W.2d 519 (Tex.App.—Corpus Christi 1982, no writ), we held that an attorney's failure to familiarize herself with the basic rules of appellate practice constituted negligence which could not provide the basis of a reasonable explanation.

Appellant's counsel, in this case, admits that he did not know the rules for perfecting a criminal appeal. Accordingly, his explanation for filing the notice of appeal late is not reasonable. The appellant's motion to extend the time for filing the notice of appeal is denied and the appellant's motion for extension of time to file the appellate record is dismissed.

We note that in *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), the Supreme Court held that a criminal defendant has the right to the effective assistance of counsel on appeal, and that a State may not extinguish the defendant's right to appeal because another right of the defendant—the right to effective assistance of counsel—has been violated. *Evitts*, 105 S.Ct. at 838. In so holding, however, the Court stated that a State may dismiss an appeal when an incompetent attorney has violated local rules, if such action does not intrude upon the client's due process rights. The Court also indicated that a post-conviction attack on the trial judgment would be an appropriate remedy for a frustrated right of appeal. *Evitts*, 105 S.Ct. at 838.

Although not confined for a felony conviction, presumably the appellant can raise the matter of counsel's effectiveness through post-conviction writ. *See Ex parte Renier*, 734 S.W.2d 349 (Tex.Crim.App. 1987); *Ex parte Jordan*, 659 S.W.2d 827 (Tex.Crim.App.1983).

In the present case, we hold only that counsel failed to comply with the time provisions for adequately perfecting the appeal. We do not address whether counsel provided effective representation on appeal, *see Ward v. State*, 740 S.W.2d 794, 799 (Tex.Crim.App.1987), as that issue has not been raised.

Where a written notice of appeal is not timely filed, a court of appeals is without jurisdiction to entertain the appeal. *Shute v. State*, 744 S.W.2d 96 (Tex.Crim.App. 1988). *See United States v. Avendano–Camacho*, 786 F.2d 1392 (9th Cir.1986).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

SEERDEN, J., files a dissenting opinion in which DORSEY, J., joins.

SEERDEN, Justice, dissenting.

I dissent. The primary purpose of Texas appellate courts is to decide appeals from trial courts and to cure errors that have deprived parties of a fair trial. *See Jiles v. State*, 751 S.W.2d 620 (Tex.App.—Houston [1st Dist.] 1988). The majority decision allows this Court, in this case, to avoid performing the job for which it was created. Nothing in the rules of appellate procedure or the case law of Texas compels this result.

Tex.R.App.P. 83, directs that an appeal shall not be dismissed for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities. While appellant's

notice of appeal was filed one day after the 15 day grace period provided by Tex.R. App.P. 41(b)(1) and was not accompanied by a motion for extension of time to file same, such motion for extension was filed at the time stated by the majority.

I would hold that these documents were filed within a reasonable time and that they correct the irregularity of not timely filing the written notice of appeal.

I also dissent from the majority holding that appellant's motion does not provide the basis of a reasonable explanation for the failure to file within the appropriate deadline.

In civil cases, our Supreme Court has defined "reasonably explaining" as any plausible statement of circumstances indicating that failure to file within the designated period was "not deliberate or intentional, but was the result of inadvertence, mistake or mischance," following the standard in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex.Comm'n App.1939, opinion adopted). *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex.1977). This same definition should be applied in criminal cases.

I find the attorney's explanation that he believed that he had thirty days, rather than fifteen, to give notice of appeal after his motion for new trial was overruled, is reasonable and indicates that his late filing was not intentional, but due to mistake. The late filing of the motion for extension of time again appears to be a result of counsel's mistaken information about the timetable rather than of any conscious indifference on his part. *See Craddock*, 133 S.W.2d at 126. The majority holding in this case, along with the decision in *Garcia v. Kastner Farms, Inc.*, 761 S.W.2d 444 (Tex.App.—Corpus Christi, 1988, no writ) (not yet reported), establishes a policy determination of this Court that Tex.R.App.P. 41 should be interpreted so that an attorney's lack of knowledge of the law does not constitute a reasonable explanation, but his mistake in computing time, or his misapplication of the law, does constitute a reason-

able explanation. This policy is applied equally to criminal and civil cases.

In a civil case, this policy was specifically rejected by the 5th Court of Appeals in the recent case of *Heritage Life Insurance Co. v. Heritage Group Holding Corp.*, 751 S.W.2d 229, 232 (Tex.App.—Dallas 1988, writ denied) where it states:

We view the Corpus Christi Court [in *Home Insurance Co. v. Espinoza*, 644 S.W.2d 44 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.)] as following the "reasonable diligence" standard. This standard was rejected by Justice Guittard in his dissenting opinion in *Sloan v. Passman*, 538 S.W.2d 1, 1 (Tex.Civ.App. —Dallas 1976) (Guittard, J., dissenting, approved in *United States Fire Insurance Co. v. Stricklin*, 547 S.W.2d 338 (Tex.Civ.App.—Dallas 1977, no writ)). Justice Guittard followed the "Craddock" standard of inadvertence, mistake, or mischance. This same language was used by the Texas Supreme Court in *Meshwert*, 549 S.W.2d at 384. Under [*Meshwert*], *Stricklin*, and *Sloan*, the "reasonable explanation" required by Rule 41(a)(2) focuses on a lack of deliberate or intentional failure to comply. See *Meshwert*, 549 S.W.2d at 384. Anything short of deliberate or intentional noncompliance falls within the area of inadvertence, mistake, or mischance. Consequently, we decline to follow *Espinoza.*

Additionally, I perceive a difference in applying Rule 41 in a criminal case and in a civil case. A court may not modify a person's constitutional rights by using its rulemaking authority. *See Picard v. State*, 631 S.W.2d 761, 763 (Tex.App.—Beaumont 1981, no pet.); *see also King v. Dupuis*, 649 S.W.2d 387, 389 (Tex.App.—Austin 1983, no writ). The Sixth Amendment guarantees criminal defendants effective assistance of counsel, whether counsel is employed or court-appointed. *Cuyler v. Sullivan*, 446 U.S. 335, 344–345, 100 S.Ct. 1708, 1716–1717, 64 L.Ed.2d 333 (1980); *Weathersby v. State*, 627 S.W.2d 729, 730 (Tex.Crim.App.1982).

*Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985) teach-

es that in a criminal case a first appeal as of right is not adjudicated in accord with due process if the appellant does not have the effective assistance of an attorney. A State may not, consistent with due process, extinguish the right to appeal because of ineffective assistance of counsel. *See Evitts*, 469 U.S. at 396, 105 S.Ct. at 836. An appeal's purpose is to determine whether an individual has been lawfully convicted. The sufficiency of the evidence will not be considered except on direct appeal. *See Willis v. State*, 626 S.W.2d 500, 504 (Tex. Crim.App.1979); *Ex parte Ash*, 514 S.W.2d 762, 763 (Tex.Crim.App.1974). The availability of a postconviction collateral attack by habeas corpus because of incompetent counsel is an inadequate substitute for a proper appeal.

The constitutional minimum for effective assistance of counsel on appeal is that the attorney at least file a brief. *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967); *Yates v. State*, 557 S.W.2d 115, 117 (Tex.Crim.App. 1977); *Morgan v. State*, 646 S.W.2d 603, 605 (Tex.App.—San Antonio 1983, no pet.); *Picard*, 631 S.W.2d at 763. It has been held that a court of appeals was not at liberty to dismiss an appeal or affirm a conviction summarily because counsel failed to timely file a brief. *Hubbard v. State*, 649 S.W.2d 167, 168 (Tex.App.—Dallas 1983, no pet.). In that case, an attorney's conclusory allegations of a heavy case load were not sufficient, and counsel was directed to file a brief and to state facts from which court could determine whether he should be replaced. *Hubbard*, 649 S.W.2d at 167. In *Picard*, the Beaumont Court of Appeals vacated an order denying extension of time to file a brief because of constitutional rights of the client. *Id.* 631 S.W.2d at 764.

In *Ward v. State*, 740 S.W.2d 794, 799 (Tex.Crim.App.1987), the Court discussed the adequacy of appellate representation. The Court held the defendant had been denied effective assistance of counsel on appeal under the Federal Constitution and under Tex. Const. art. I, § 10. Comparing the case with *Evitts*, the Court stated that the failure of counsel in each case to com-

ply with a simple procedural rule operated to deny appellant an opportunity at a meaningful time and in a meaningful manner to present his appeal. The failure to file a statement of facts had rendered any review of the appeal a "meaningless ritual." *Ward*, 740 S.W.2d at 800.

In *Vicknair v. State*, 702 S.W.2d 304, 307 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd), the Court granted an out-of-time appeal because counsel failed to designate a statement of facts allowing meaningful review of the evidence at a suppression hearing.

In *Shead v. State*, 711 S.W.2d 345, 347–48 (Tex.App.—Dallas 1986, no pet.), the Court abated an appeal for ineffective assistance of counsel when counsel failed to timely designate a statement of facts necessary for a meaningful appeal.

If due process demands that counsel file an appellate brief, surely it is violated when counsel fails to obtain *any* appellate review when a client has relied on him to do so.

*Jiles v. State*, 751 S.W.2d 620 (Tex.App. —Houston [1st Dist.] 1988) held that the requirement of a written notice of appeal was satisfied as of the date appellant's notice of appeal was reduced to writing by the District Clerk. This case provides an excellent and thorough analysis of the discretion and duties of Courts of Appeals in this area, as well as the policy considerations with relation to assistance of counsel and the importance of ending litigation with finality.

I believe the interpretation announced in *Heritage Life Insurance Co.* should be applied in interpreting Tex.R.App.P. 41 and, with respect to criminal cases, such interpretation is more consistent with due process.

Apart and aside from the majority's interpretation and application of Rule 41(b)(1) of the Rules of Appellate Procedure, and the application of Rule 83, this Court has the authority to suspend the requirements of an appellate rule under Rule 2(b) in criminal cases. Even though this Court's opinion in *Garcia v. Kastner Farms, Inc.*

states, in my belief, a too strict interpretation of Rule 41(a)(2) in civil cases, Rule 2(b) allows this Court discretion in its applicability in criminal cases. That discretion to suspend Rule 41(b)(1) should be utilized.

I would grant appellant's motions rather than dismissing the appeal.

DORSEY, J., joins.