In re Arthur GILMORE.

Eugene GRANGER, Appellant,

v.

STATE of Texas, Appellee.

No. 09 82 024 CR.

Court of Appeals of Texas, Beaumont.

July 29, 1982.

---

Arthur Gilmore, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

Before DIES, C. J., and KEITH and CLAYTON, JJ.

## JUDGMENT

WHEREAS, on the 28th day of June, 1982, this Court made and entered the following order, to-wit:

"IN THE COURT OF APPEALS NINTH SUPREME JUDICIAL DISTRICT OF TEXAS

In re ARTHUR GILMORE

Ancillary to:
EUGENE GRANGER, Appellant
V.
THE STATE OF TEXAS, Appellee

No. 09–82–024 CR
ORDER

"WHEREAS, on May 28, 1982, in Eugene Granger, Appellant, v. The State of Texas, Appellee, Cause No. 09–82–024 CR in the Court of Appeals, Ninth Supreme Judicial District of Texas, this Court entered an order reciting that the Honorable Arthur Gilmore, court-appointed counsel for the indigent appellant, Eugene Granger, in said cause, had not filed a brief in behalf of the said Eugene Granger, and further reciting the statute which required said attorney to timely file an appellate brief on behalf of said Eugene Granger; and

"WHEREAS, the said order of May 28, 1982, ORDERED that:

" 'The said Arthur Gilmore shall file a brief on behalf of the appellant in the matter above captioned on or before June 18, 1982, said brief to comply with the provisions of said *Sec. 9, Art. 40.09, V.A.C.C.P.'*

and,

"WHEREAS, as of June 23, 1982, no brief in compliance with said order of May 28, 1982, had been filed in this Court, and on said date of June 23, 1982, and for two days thereafter, the Honorable Joe A. Hulgan, in his official capacity as Clerk of this Court in the discharge of his official duties under the direction of this Court, attempted to talk with the said Arthur Gilmore by telephone in his office, but upon each occasion the person answering the telephone asserted that the said Arthur Gilmore was not in the office; but, notwithstanding the Clerk left his telephone number and requested that the said Gilmore call him, nothing has been heard from the said Gilmore; and,

"WHEREAS, on this the 28th day of June, 1982, no brief has been filed in this Court by the said Arthur Gilmore on behalf of the said appellant, Eugene Granger, in said Cause No. 09–82–024 CR, as ordered by this Court on May 28, 1982,

"WHEREFORE, premises considered, it now appears from the records of this Court that the said Arthur Gilmore has failed to comply with said order of this Court of May 28, 1982, and is by such failure in contempt of this Court,

"NOW, THEREFORE, it is ORDERED, that the said Arthur Gilmore shall show cause why he should not be held in contempt of this Court and punished therefor, and that he shall do so by filing his sworn affidavit, and by affidavits of other witnesses thereto if any there be, on or before the 9th day of July, 1982, which affidavits shall state facts that deny or excuse the said contempt, if there be any such facts. And it is further ORDERED that the Clerk of this Court shall issue a NOTICE TO SHOW CAUSE commanding the said Arthur Gilmore to show cause, in the manner and within the period above specified in this order, why he should not be held in contempt of this

Court and punished therefor; and a copy of this order shall accompany said notice.

"IT IS SO ORDERED on this 28th day of June, 1982.

PER CURIAM"

WHEREAS, the Clerk of this Court duly issued a Notice to Show Cause as specified in said order of June 28, 1982, and said Notice to Show Cause, together with a copy of said order of June 28, 1982, was properly and personally served upon the said Arthur Gilmore on the 1st day of July, 1982, as ordered by this Court on June 28, 1982; and,

WHEREAS, on this the 29th day of July, 1982, no brief has been filed in this Court by the said Arthur Gilmore, on behalf of the said Eugene Granger in said Cause No. 09–82–024 CR, as ordered by this Court on June 28, 1982; and,

WHEREAS, on this the 29th day of July, 1982, neither the said Arthur Gilmore nor anyone acting in his behalf has filed an affidavit by the said Arthur Gilmore or any other witness either denying or excusing the contempt recited in said order of June 28, 1982; and,

WHEREAS, on this the 29th day of July, 1982, neither the said Arthur Gilmore nor anyone acting in his behalf has made any response to said order of June 28, 1982, or to said Notice to Show Cause;

NOW, THEREFORE, it is ORDERED, ADJUDGED and DECREED by the Court of Appeals, Ninth Supreme Judicial District of Texas, that:

(1) The said Arthur Gilmore is in contempt of this Court, and should be and shall be punished for such contempt.

(2) The said Arthur Gilmore shall be punished for said contempt by confinement in the county jail of Jefferson County, Texas, for ten (10) consecutive days, consisting of twenty-four consecutive hours in each day, and by fine in the amount of One Hundred Dollars ($100.00), and all costs of this proceeding.

(3) The Clerk of this Court shall forthwith issue a capias addressed to any Sheriff within the State of Texas commanding him to arrest the said Arthur Gilmore and place him in the county jail of Jefferson County, Texas, and there safely keep him imprisoned for a period of ten (10) consecutive days, consisting of twenty-four consecutive hours in each day, and thereafter until said fine of One Hundred Dollars ($100.00) and all costs of this proceeding shall have been paid. Said capias shall recite generally the proceedings had in this case and shall be accompanied by a certified copy of this judgment to be served on the said Arthur Gilmore as further evidence of the Sheriff's authority.

(4) The fine and costs assessed against the said Arthur Gilmore as a part of his punishment herein may be discharged in any manner provided by law and in the same manner that a judgment and sentence rendered against a defendant in an ordinary criminal case can be discharged; and all money paid in discharge of said fine and costs shall be paid to the Clerk of this Court.