In re Stephen L. HALSEY.

Ancillary to: Mitchell Dewayne NOBLES, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–81–00797–CR, 05–81–00816–CR.

Court of Appeals of Texas, ` Dallas.

Feb. 1, 1983.

Stephen L. Halsey, pro se.

Henry Wade, Dist. Atty., for appellee.

Before GUITTARD, C.J., and AKIN and VANCE, JJ.

## ORDER

PER CURIAM.

By order of this Court dated November 22, 1982, Stephen L. Halsey was directed to show cause why he should not be held in contempt for failure to file a brief in these two appeals. Mr. Halsey has filed his affidavit in response to that order. We find Halsey in contempt of this Court and assess punishment at a fine of two hundred fifty dollars.

Appellant Mitchell Dewayne Nobles was convicted of aggravated rape in cause no. 05–81–00816–CR following his trial in December, 1980. Punishment was assessed at imprisonment for seventy-five years. In cause no. 05–81–00797–CR, the trial court revoked appellant's probation and assessed punishment at five years' imprisonment. Mr. Stephen L. Halsey, trial counsel for appellant, was appointed to prosecute the appeals in both cases.

The trial court approved the record in cause no. 05–81–00797–CR on September 24, 1981, and in cause no. 05–81–00816–CR on September 28, 1981. Thus both briefs were due in October 1981. No briefs were filed within the time required by Tex.Code Crim.Pro.Ann. art. 40.09, § 9 (Vernon Supp. 1982–1983). On November 18, 1981, this Court ordered counsel to file a brief in both causes. Thereafter, in January, March, April and June of 1982, counsel filed motions to extend time for filing said briefs. The last three sets of motions were stereotyped motions alleging identical grounds for extension:

I have been in trial in other Courts for the last thirty days and have other appeals I am working on and, at present, have a new secretary who just started to work for me.

Pursuant to the last extension motions, the briefs were due on July 26 and 27, 1982. No briefs were filed on those dates.

This Court again directed counsel to file his briefs by order of October 15, 1982. That order recited that contempt proceedings would be instituted against counsel if he did not file briefs in both causes on or before November 17, 1982. Counsel took no action by that date. Consequently, on November 22, 1982, this Court ordered counsel to show cause why he should not be held in contempt for violation of the October 15 order. In response, counsel has filed his sworn affidavit, alleging facts which purportedly excuse the contempt. Counsel has also now filed briefs in both causes. See In re Van Orden, 559 S.W.2d 805 (Tex.Cr.App. 1977); In re Gilmore, 637 S.W.2d 513 (Tex. App.—Beaumont 1982).

In his affidavit, counsel asserts that he misread the due date stated in the October 15th order, believing the due date to be December 26, 1982, rather than November 17, 1982. He further alleges that the briefs could not be completed due to a heavy trial docket and family illness. With respect to his heavy docket, counsel states:

I felt I had to place other people with pending offenses and trials ahead of the appeal briefs and therefore I set aside the Thanksgiving holidays to finish my appeals.

Finally, counsel avers that his failure to file the required briefs was not intended as conduct contemptuous of the October 15 order, but was perhaps the result of "poor organization" or the "placement of wrong priorities."

In order for a person to be held in contempt for disobeying a court order, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know what duties or obligations are imposed upon him. Ex parte Hodges, 625 S.W.2d 304, 306 (Tex.1981); Ex parte Slavin, 412 S.W.2d 43, 44 (Tex.1967).

Counsel asserts that he misread the due date of our October 15 order, mistakenly believing his briefs to be due on December 26, rather than November 17, 1982. We recognize the October 15 order recites that, pursuant to an earlier order, briefs were due December 26, 1981. Our order clearly states that

Stephen L. Halsey shall file a brief in the above styled and numbered causes on or before November 17, 1982. No mo-

tions to extend time will be entertained. Counsel's brief shall conform in all respects to TEX.CODE CRIM.PRO.ANN. art. 40.09, § 9 (Vernon Supp.1982). If briefs are not filed in accordance with the terms of this order, immediate contempt proceedings will be instituted against Mr. Halsey.

We find that this order is clear and unambiguous and that counsel could have had no difficulty determining what action was required of him. We also note counsel's admission that, upon encountering the December 26, 1981, date in the first part of the order, he "read no further."

We turn next to counsel's allegation that he could not complete the briefs due to his heavy trial docket. Although we understand the heavy demands placed upon the schedules of busy criminal law practitioners, we find no justification for counsel's conduct in placing "other people with pending offenses ahead of the appeal briefs."

▮▮ The Texas and United States Constitutions require that an indigent defendant have effective assistance of counsel on appeal. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Currie v. State,* 516 S.W.2d 684 (Tex.Cr.App.1974). Court-appointed counsel must fulfill this requirement by filing a brief in behalf of his client, *Yates v. State,* 557 S.W.2d 115, 117 (Tex.Cr.App.1977), and has a duty to do so within the time limits established by Article 40.09, § 9 of the Code of Criminal Procedure. If he cannot, due to a busy schedule, he may apply for an extension of time under Tex.Cr.App.R. 6. Nevertheless, appellate counsel cannot justifiably apply for repeated extensions in a case so that he may attend to other business.[1]

We recognize that many criminal law practitioners maintain heavy trial and appellate case loads. Yet a competent practitioner must balance his docket so that all clients receive proper attention. Counsel's employment or appointment on behalf of other clients awaiting trial provides no justification for neglecting his duties to the appellate court or the interests of clients whose cases are on appeal. This appellant was forced to wait almost two years after his convictions before a brief was filed in either of his cases. The court will not permit counsel unlimited discretion to put the interests of other and apparently more recent clients ahead of those whose appeals are pending.

▮▮ Finally, counsel asserts that his actions were not intended to be contemptuous of this court's order. A disclaimer of intent to violate a court order does not excuse contempt. *Herring v. Houston Nat. Exch. Bank,* 113 Tex. 337, 255 S.W. 1097, 1105 (1923). However, if there is a reasonable, though erroneous, basis for the acts complained of, and if no disrespect was intended and the contemnor's good faith is not doubted, the lack of disrespect may be considered in mitigation of, and even as purging the contempt. *Id.*

▮▮ We do, however, find disrespect in this case. Counsel admits that he did not read our order carefully and also admits that he set aside these appeals in order to serve other clients. Moreover, counsel's duty to file his briefs did not arise from the October 15 order; in fact, almost a year earlier, counsel had neglected the deadlines required by the rules and had been ordered to file these briefs. This Court has been extraordinarily lenient with counsel in allowing more than ample time to prepare

---

1. An attorney seeking an extension should carefully read Tex.Cr.App.R. 6(1)–(9) and include the required facts in his motion. Appellate counsel should exercise care in drafting a specific allegation of "the facts relied upon to show good cause for the requested extension." Form or "boilerplate" motions do not assist this Court in managing its docket. Repeated use of a form extension motion may prove embarrassing to counsel, especially, as in the present case, where counsel evidently alleged that he had hired three secretaries in four months.

Further, appellate counsel should never allow an extended time limit to elapse without filing the necessary material or another extension motion, if necessary. Counsel should be aware that this Court grants an extension with the expectation that the required material will be filed by the date requested in the motion.

briefs, but counsel has repeatedly neglected his duty. Our leniency shown here should not be expected in other cases.

Accordingly, it is hereby adjudged that Stephen L. Halsey is in contempt of this Court's order dated October 15, 1982, directing the said Stephen L. Halsey to file briefs in behalf of appellant on or before November 17, 1982, and his punishment for that contempt is hereby assessed at a fine of two hundred fifty dollars to be paid to the clerk of this court on or before February 14, 1983.