Bobby Lee HUBBARD, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–82–00467–CR, 05–82–00718–CR, and 05–82–00719–CR.

Court of Appeals of Texas, Dallas.

April 15, 1983.

Edwin V. King, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., for appellee.

Before AKIN, WHITHAM and MALO-NEY, JJ.

AKIN, Justice.

Before us is appellant's second motion to extend the time for filing his brief. For the reasons stated below, we deny this motion without prejudice to the filing of a proper motion under Tex.R.Crim.App.P. 6, and we direct counsel for appellant to file a proper motion.

In two cases, appellant was convicted of unlawful delivery of heroin. In a third case appellant was convicted of bribery. All three cases were tried together, the appellant was found guilty in each case and was sentenced to prison. The trial court appointed Edwin V. King, a licensed attorney, to represent defendant on appeal.

The trial judge approved the record in all three cases on October 1, 1982. Thus, appellant's brief was due November 1, 1982. Tex.Code Crim.Proc.Ann. art. 40.09, § 9 (Vernon Supp.1982–1983). No brief was filed by that date. On December 3, 1982, more than one month after the brief was due, counsel requested an extension of time to file his brief, which we granted, thus extending the due date until January 6, 1983. Again, no brief was filed by the latter date. On March 3, 1983, three months after the second due date, counsel requested another extension of time until May 30, 1983. Thus, even if appellant's counsel files his brief on May 30, 1983, he has delayed consideration of his appeal by seven months. In support of the last motion, counsel alleged that he had been "actively engaged in the practice of law and trying of cases and has not had sufficient time to prepare the brief in this cause."

Before addressing the motion on its merits, we must comment on counsel's lack of diligence with respect to this appeal. We cannot condone the complete disregard of the appellate time limits prescribed by the Texas Code of Criminal Procedure. Defense counsel has missed both time limits by significant margins. Conscientious counsel should never allow an appellate time limit to elapse without filing the required material or a proper extension motion. In this respect, counsel should be aware that we grant motions to extend time for filing a brief in a case with the expectation that counsel will file a brief within the requested time, not merely a further motion requesting another lengthy extension. In the event an additional extension is needed, a proper motion to extend should be filed before the brief is due. Ordinarily, failure to comply with the time limits would require that we deny leave to file a brief or that we dismiss the appeal.

However, because the appellant here is indigent and represented by court-appointed counsel, he is entitled to effective assistance of counsel, which requires counsel to file a brief. *Vitela v. State,* 566 S.W.2d 933, 935 (Tex.Cr.App.1978). When counsel represents an indigent defendant, we are not at liberty to dismiss the indigent defendant's appeal or to affirm the conviction summarily because his court-appointed counsel ignores the time requirements for filing the appellant's brief. We cannot, however, ignore this deplorable situation. In some cases we have ordered counsel to file appellant's brief by a time certain, and

in one case, we have found counsel in contempt of this court for failing to comply by filing the brief as ordered. *See In re Halsey*, 646 S.W.2d 306, 308 (Tex.App.1983). In other cases, we have directed the trial judge to dismiss errant counsel and replace him with counsel who will properly attend to the appeal. We recognize that even the most conscientious counsel upon occasion may need additional time, which is available if counsel complies with Tex.R.Crim.App.P. 6(9) by filing a timely motion setting forth facts from which we may conclude to be "good cause" for the need for extension of time. We turn now to the motion in this case.

■ Tex.R.Crim.App.P. 6(9) provides that a motion for extension of time shall specify the facts relied upon to show good cause for the requested extension. The motion before us does not specify facts showing good cause for the extension; instead, we have the conclusory statement that counsel is actively engaged in the practice of law and has not had sufficient time to prepare the brief. This motion fails to comply with rule 6(9) because it does not set forth in detail counsel's workload or give any indication that counsel has been doing anything other than "the routine work of a busy lawyer during the time attention should have been given this appeal." *See Texaco Inc. v. Joffrion*, 363 S.W.2d 827, 829 (Tex.Civ.App.—Texarkana 1962, no writ). Similarly, the motion gives no hint of the nature of this case, the length of the record, the number of issues to be raised, the complexity of the issues to be raised or the depth of research which will be required. In short, the motion fails to show us why a delay of seven months from the original due date has been necessary in this case. Accordingly, we hold that the motion for an extension fails to comply with rule 6(9). Consequently, the motion is denied.

■ We are not to be understood to say that a heavy workload cannot justify an extension of time to file a brief. Nevertheless, conclusory allegations of a heavy caseload do not satisfy the requirements of rule 6. Instead, counsel should delineate with specificity his prior commitments with respect to his practice so that we may determine whether good cause exists and whether counsel is diligently working on the appeal, or whether counsel is neglecting his indigent client so that he may attend to other more profitable business. We recognize that many criminal law practitioners maintain heavy trial and appellate caseloads. However, counsel's employment or appointment on behalf of other clients awaiting trial provides no justification for neglecting his duties to the interests of clients whose cases are on appeal. Counsel is not permitted unlimited discretion to put the interests of others, and apparently more recent clients, ahead of those whose appeals are pending. *In re Halsey*, 646 S.W.2d 306, 308 (Tex.App.1983).

Consequently, the motion to extend time for filing the brief is denied without prejudice to the filing of a proper extension motion pursuant to Tex.R.Crim.App.P. 6 setting forth facts from which we can determine whether good cause exists. In this respect counsel for appellant, Edwin V. King, is directed to file such a motion or appellant's brief within seven days from the date of this opinion. Counsel is further directed to state in the motion facts from which we may determine whether he should be replaced by other counsel.