**Mark Lee NEWFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–88–00944–CR.**

Court of Appeals of Texas, Dallas.

March 21, 1989.

Warren N. Abrams and Cas Dunlap, Dallas, for appellant.

Donald G. Davis, Dallas, for appellee.

Before ENOCH, C.J., and BAKER and WHITTINGTON, JJ.

ENOCH, Chief Justice.

The State has filed with this Court a motion for extension of time to file its brief. This is the *fourth* motion for extension of time filed by the State in this case. The order of this Court granting the third extension stated "[n]o further extensions will be granted." As reasons for the fourth requested extension, the State's attorney gives the names and cause numbers of three cases filed in this Court after we granted his previous extension request, filed twenty-eight days prior to the filing of the present motion. In addition, the State cites cases as having "start-up preference"; we take this to mean that the dates on which appellant's briefs were filed in those cases predates the date on which appellant's brief was filed in this case. The State makes no reference to anything intrinsic to this case (*i.e.*, difficulty of legal issues, size of record requiring extensive research) that would justify an extension.

This Court generally allows a first extension for thirty (30) days to any party who indicates a reasonable need for an extension. However, subsequent motions receive greater scrutiny from this Court and attorneys are appropriately forewarned. As an example, our orders may contain language such as "[n]o further extensions will be allowed except for good cause shown", "[n]o further extensions will be allowed in the absence of exceptional circumstances," or, finally, "[n]o further extensions will be granted."

With regard to what is "good cause," this Court has held that an allega-

tion of workload, standing alone, does not constitute good cause for an extension. *Hubbard v. State,* 649 S.W.2d 167, 169 (Tex.App.—Dallas 1983, no pet.). We recognize that in limited situations, for limited periods of time, workload may indeed be "good cause" or even an "exceptional circumstance" that justifies an extension to file a brief. However, from the instant motion presented to this Court, it appears that an attorney might consider that the press of other business may be "good cause" if he simply states in detail what that other business is. The State's attorney has amply demonstrated that he is busy working on other business. At the same time, he has been seeking extensions of time from this Court, ostensibly so he could complete his work in this case. We note that many of the cases listed by the State's attorney are themselves the subject of extensions of time previously granted by this Court. A situation in which an attorney regularly requests extensions in each case submitted to this Court is unacceptable.

In the present cause, appellant's brief was filed on November 28, 1988. The State filed its first extension request on December 22, 1988; we granted an extension to January 6, 1989. On January 6, 1989, the State requested another extension to February 6, 1989; we granted the extension. On February 6, 1989, the State requested an extension to March 6, 1989, which we granted; however, we cautioned the State that no further extensions would be granted. Ignoring the Court's caveat, on March 6, 1989, the State requested that we grant another extension to April 6. As of the date of the filing of the State's last motion, ninety-nine days, or more than three months, have elapsed since appellant filed his brief. Yet there is no indication that the State's attorney has ever examined the record in this case nor made a professional assessment of how much time, in fact, is needed to complete the State's brief. Based on the foregoing, as well as our warning in our previous order that we would grant no further extensions in this case, we deny the motion and order that the case be submitted without the State's brief.