**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER OF CONTINUING ABATEMENT**

Appellate case name:  Wydell Lorraine Dixon v. The State of Texas

Appellate case number:  01-13-00408-CR; 01-13-00409-CR; 01-13-00410-CR; 01-13-00411-CR

Trial court case number:  12CR0748; 12CR0749; 12CR0750; 12CR0751

Trial court:  56th District Court of Galveston County

Appellant's brief was originally due on August 19, 2013. On September 13 and September 19, 2013, after appellant, through retained counsel, R. Scott Shearer, failed to timely file a brief, the Clerk of this Court notified her that a brief had not yet been filed in any of these appeals and required that a response be filed within 10 days. Appellant responded on September 30, 2013, by requesting a 60-day extension of time to file her brief(s). The Court granted the motion and ordered appellant to file her brief by October 18, 2013. On November 20, 2013, the Clerk of this Court again notified appellant that a brief had not been filed and required a response within 10 days. On February 4, 2014, after appellant again failed to respond, we abated this appeal and remanded the case to the trial court to hold a hearing pursuant to Texas Rule of Appellate Procedure 38.8.

On February 10, 2014, appellant filed a second request for extension of time to file her brief, requesting another 60-day extension. In support of her motion, appellant states that counsel "is a solo practitioner" who "has been unable to timely file his brief" because he "is currently in a capital murder trial . . . expected to last until at least mid-March, 2014," he completed a brief in January 2014 for the Fourteenth Court of Appeals, and he "has a heavy workload overall."

If we grant appellant's motion and extend the deadline to file her brief to 60 days from the date the motion was filed, appellant will receive a total of 267 days in which to file her brief. Absent extraordinary circumstances, this Court does not ordinarily grant extensions of time beyond 90 days to file a brief.

"[A]n allegation of workload, standing alone, does not constitute good cause for an extension." *Newfield v. State*, 766 S.W.2d 408, 408–09 (Tex. App.—Dallas 1989,

order).  "[I]in limited situations, for limited periods of time, workload may indeed be 'good cause' or even an 'exceptional circumstance' that justifies an extension to file a brief."  *Id.*  "Nevertheless, appellate counsel cannot justifiably apply for repeated extensions in a case so that he may attend to other business."  *In re Halsey*, 646 S.W.2d 306, 308 (Tex. App.—Dallas 1983, orig. proceeding).

> We recognize that many criminal law practitioners maintain heavy trial and appellate case loads.  Yet a competent practitioner must balance his docket so that all clients receive proper attention.  Counsel's employment or appointment on behalf of other clients awaiting trial provides no justification for neglecting his duties to the appellate court or the interests of clients whose cases are on appeal.  . . .  The court will not permit counsel unlimited discretion to put the interest of other and apparently more recent clients ahead of those whose appeals are pending.

*Id.*; *see Hubbard v. State*, 649 S.W.2d 167, 169 (Tex. App.—Dallas 1983, no pet.).

Further, "while there is a strong presumption in favor of a defendant's right to retain counsel of choice, this presumption may be overridden by other important considerations relating to the integrity of the judicial process and the fair and orderly administration of justice."  *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003).  And "an accused's right to represent himself or select his own counsel cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice."  *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976).  "Thus, the public interest in the fair and orderly administration of justice may be greater than an accused's right to have counsel of his own choice."  *Carter v. State*, No. 01-95-00977-CR, 1997 WL 184385, *1 (Tex. App.—Houston [1st Dist.] April 17, 1997, pet. ref'd) (not designated for publication) (citing *Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982)).

Here, appellant's counsel has had approximately seven months in which to file a brief on appellant's behalf.  Nevertheless, counsel has failed to file a brief and now requests an additional 60 days.  Further, counsel neither indicates whether he has reviewed the record or begun working on the brief nor provides any explanation for why the brief was not filed prior to beginning work on the capital murder trial or for his failure to respond to the November 20, 2013 notice that appellant's brief was overdue.

Accordingly, we DENY appellant's motion for extension of time to file brief. This case remains abated pursuant to our February 4, 2014 order and will be reinstated when records complying with our February 4, 2014 order are filed in this Court.

It is so ORDERED.

Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>
                ☒Acting individually

Date:  February 13, 2014