COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:      Germain Lawon Davis v. The State of Texas

Appellate case number:    01-13-00947-CR

Trial court case number:  1330760

Trial court:              182nd District Court of Harris County

Appellant, Germain Lawon Davis, was convicted of the offense of capital murder and sentenced to life imprisonment without the possibility of parole. The complete record was filed in the above-referenced appeal on December 6, 2013, making appellant's brief due on January 6, 2014. *See* TEX. R. APP. P. 38.6(a). On February 3, 2014, after appellant, through appointed counsel, failed to timely file a brief or request an extension of time, the Clerk of this Court sent notice that the time for filing appellant's brief had expired and requested a response within 10 days. On February 13, 2013, appellant's counsel filed—and this court granted—a motion requesting that we extend the time to file appellant's brief to March 17, 2014. On March 20, 2014, after appellant's counsel again failed to timely file a brief or request an extension of time, the Clerk of this Court sent another notice that the time for filing appellant's brief had expired and requested a response within 10 days. On March 31, 2014, appellant's counsel filed a second motion requesting that we extend the time to file appellant's brief to April 21, 2014. In the motion, appellant's counsel states that "he has not had time to complete the brief" because (1) he has been in criminal courts on a daily basis since the inception of this appeal and has cases set for trial every week; (2) he prepared and filed a brief in another case on March 17, 2014; (3) he has a brief due in another case; and (4) he is in trial on another murder case.

"[A]n allegation of workload, standing alone, does not constitute good cause for an extension." *Newfield v. State*, 766 S.W.2d 408, 408–09 (Tex. App.—Dallas 1989, order). "[I]n limited situations, for limited periods of time, workload may indeed be 'good cause' or even an 'exceptional circumstance' that justifies an extension to file a brief." *Id.* "Nevertheless, appellate counsel cannot justifiably apply for repeated extensions in a case so that he may attend to other business." *In re Halsey*, 646 S.W.2d 306, 308 (Tex. App.—Dallas 1983, orig. proceeding).

The ordinary practice of this court is to grant reasonable requests for extensions up to 90 days after the original due date, which in this case would be April 7, 2014—one week after the date the pending motion was filed. Counsel has represented that he has been in court "on a daily basis since the inception of this appeal" and that he "has cases set for trial every week."

Considering that counsel has given no indication that he is near completion of the brief, and that counsel has stated that he is currently in trial on another murder case, there is no reason to believe that granting an extension of one additional week would be adequate time to prepare the brief.

Accordingly, the motion to extend the time to file appellant's brief beyond 90 days after the original due date is **denied**.

We abate the appeal and remand the cause to the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's appointed counsel, Terrence A. Gaiser, shall be present. At the trial court's discretion, appellant may be present for the hearing in person or, if appellant is incarcerated, appellant may participate in the hearing by closed-circuit video teleconferencing.[*]

We direct the trial court to:

1) Determine whether appellant still wishes to pursue this appeal;
2) If appellant wishes to pursue this appeal, determine whether good cause exists to relieve Terrence A. Gaiser of his duties as appellant's counsel, specifically addressing whether counsel's failure to file a brief and his practice of requesting extensions only after being notified by this Court that the time for filing his brief had already expired, constitutes good cause for his removal;
   a. If good cause exists to remove counsel, the trial court shall enter a written order relieving Terrence A. Gaiser of his duties as appellant's counsel, including in the order the basis for finding good cause for his removal, and appoint substitute appellate counsel, at no expense to appellant, who is available to immediately begin work on this appeal in light of the time that has already passed since the appellant's brief was due;
   b. If good cause does not exist to remove counsel, the trial court shall provide a final deadline by which Terrence A. Gaiser must file appellant's brief, which shall be no more than 30 days from the date of the hearing;
3) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations; and
4) Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2), (p), (g) (West Supp. 2013); TEX. R. APP. P. 38.8(b); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, order, pet. ref'd).

---

[*] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ Justice Michael Massengale

☒ Acting individually     ☐ Acting for the Court


Date:  April 1, 2014