COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Javier Noel Campos v. The State of Texas

Appellate case number:   01-13-00415-CR, 01-13-00416-CR, 01-13-00417-CR

Trial court case number:  1328806, 1328807, 1308988

Trial court:                    184th District Court of Harris County

The complete record was filed in the above-referenced appeals on September 10, 2013, making appellant's brief due on October 10, 2013. *See* TEX. R. APP. P. 38.6(a). On October 18, 2013, the Clerk of this Court sent appellant a notice informing him that his brief was late, requiring a response within 10 days, and notifying appellant that if he failed to provide a satisfactory response, the Court would be required to order the trial court to conduct a hearing pursuant to Rule 38.8. *See* TEX. R. APP. P. 38.2(b)(2), (3). Appellant responded by filing a motion for extension of time to file his brief, requesting that the deadline be extended to December 31, 2013. The Court granted the motion, ordered appellant to file his brief by December 31, 2013 and, because of the length of the extension provided, stated that no further extensions would be granted absent extraordinary circumstances. On December 30, 2013, appellant filed a second motion for extension, requesting that the deadline be extended to February 17, 2014. The Court granted the motion in part, ordered appellant to file his brief by February 14, 2014, and stated that no further extensions would be granted. The Court also informed appellant that failure to file a brief would result in abatement and a hearing by the trial court. *See* TEX. R. APP. P. 38.2(b)(2), (3). On February 14, 2014, appellant filed a third motion for extension, requesting that the deadline be extended to May 19, 2014. The Court granted the motion in part, ordered appellant to file his brief by March 19, 2014, and stated that no further extensions would be granted. On March 19, 2014, appellant filed his fourth motion for extension, requesting an extension until April 11, 2014. In support of his motion, appellant cites his abundant workload and the voluminous record in the above referenced appeals. The date appellant filed his current motion for extension is 160 days after the original deadline in which to file his brief.

Absent extraordinary circumstances, this Court does not ordinarily grant extensions of time beyond 90 days to file a brief. Further, "an allegation of workload, standing alone, does not constitute good cause for an extension." *Newfield v. State*, 766 S.W.2d 408, 408–09 (Tex. App.—Dallas 1989, order). "[I]in limited situations, for limited periods of time, workload may indeed be 'good cause' or even an 'exceptional circumstance' that justifies an extension to file a

brief." *Id.* "Nevertheless, appellate counsel cannot justifiably apply for repeated extensions in a case so that he may attend to other business." *In re Halsey*, 646 S.W.2d 306, 308 (Tex. App.—Dallas 1983, orig. proceeding).

Here, appellant's counsel has had more than five months in which to file a brief on appellant's behalf. Nevertheless, counsel has failed to file a brief and now requests an additional time. Accordingly, we **DENY** appellant's motion for extension of time to file appellant's brief.

Because appellant's brief is untimely, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Wayne T. Hill, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to:

(1) determine whether appellant wishes to prosecute the appeal;
(2) if appellant does wish to prosecute the appeal, determine whether good cause exists to relieve Wayne T. Hill of his duties as appellant's counsel, specifically addressing whether counsel's failure to file a brief, despite having had 160 days to file a brief as of March 19, 2014, and counsel's failure to comply with this Court's order to file a brief by March 19, 2014 constitutes good cause for his removal;
(3) if good cause exists, enter a written order relieving Wayne T. Hill of his duties as appellant's counsel, including in the order the basis for and finding of good cause, and appoint substitute appellate counsel at no expense to appellant;
(4) if good cause does not exist, set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;
(5) make any other findings and recommendations the trial court deems appropriate; and
(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2013); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video

---

1. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The above-referenced appeals are abated, treated as closed cases, and removed from this Court's active docket. The appeals will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes
       ☒ Acting individually  ☐ Acting for the Court

Date: April 8, 2014