COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Eric Deshayn Tennell v. The State of Texas

Appellate case number:      01-13-00942-CR

Trial court case number:    1338512

Trial court:                179th District Court of Harris County

Appellant, Eric Deshayn Tennell, has filed a "Second Motion for Extension of Time to File Appellate Brief." We deny the motion.

Tennell's brief was originally due on January 15, 2014. On February 13, 2014, almost a month after the deadline, appellant filed a motion seeking an extension of time to file his brief until April 24, 2014, contending that an extension was necessary because counsel "makes daily court appearances and has been busy with other trial and appellate matters." We granted the motion, required Tennell to file his brief by April 24, 2014, and informed him that no further extensions would be granted. We further informed Tennell that if the brief was not filed by the deadline, we would abate this case for a hearing pursuant to Texas Rule of Appellate Procedure 38.8(b). Nevertheless, on April 22, 2014, Tennell filed a second motion for extension of time, once again contending that an extension is necessary because "Counsel makes almost daily court appearances and has been busy with other trial and appellate matters."

Given the procedural history of this case and in light of our previous order stating that no further extensions would be granted, we DENY Tennell's motion for extension of time. *See Sandoval v. State*, No. 07-11-0136-CR, 2011 WL 6059804, at *1 n.2 (Tex. App.—Amarillo Dec. 6, 2011, no pet.) (not designated for publication) ("This Court does not consider a busy work schedule as good cause for granting a subsequent motion to extend the time to file a brief."); *Newfield v. State*, 766 S.W.2d 408, 407–09 (Tex. App.—Dallas 1989, order), *pet. dism'd, improvidently granted*, 817 S.W.2d 63 (Tex. Crim. App. 1991) (denying motion for extension of time to file brief when party requested extension based on counsel's workload); *Hubbard v. State*, 649 S.W.2d 167, 169 (Tex. App.—Dallas 1983, no writ) (same); *In re Halsey*, 646 S.W.2d 306, 308 (Tex.

App.—Dallas 1983, orig. proceeding) ("We recognize that many criminal law practitioners maintain heavy trial and appellate case loads. Yet a competent practitioner must balance his docket so that all clients receive proper attention. Counsel's employment or appointment on behalf of other clients awaiting trial provides no justification for neglecting his duties to the appellate court or the interests of clients whose cases are on appeal. . . . The court will not permit counsel unlimited discretion to put the interest of other and apparently more recent clients ahead of those whose appeals are pending.").

Unless this Court receives Terrell's brief within ten (10) days of the date of this order, we will abate the case and order the trial court to conduct a hearing pursuant to Texas Rule of Appellate Procedure 38.8(b). *See* TEX. R. APP. P. 38.8(b). No extensions of time will be granted.

It is so ORDERED.


Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>
    ☒ Acting individually ☐ Acting for the Court

Date: May 6, 2014