**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:        Kenneth Cooper McAfee v. The State of Texas

Appellate case number:      01-13-00777-CR

Trial court case number:    1262341

Trial court:                339th District Court of Harris County

The complete record was filed in the above-referenced appeal on December 10, 2013, making appellant's brief due on January 10, 2014. *See* TEX. R. APP. P. 4.1, 38.6(a). On February 5, 2014, the Clerk of this Court sent notice to appellant's original counsel, notifying appellant that the time for filing appellant's brief had expired and requiring a response within 10 days. On February 10, 2014, appellant responded to the notice by filing a motion for extension of time, requesting that we extend the deadline for filing his brief until June 16, 2014. On February 20, 2014, we granted appellant's motion in part, extended the deadline for filing appellant's brief to March 4, 2014, and informed appellant that we would not grant additional motions to extend time. Nevertheless, on March 3, 2014, appellant filed another motion for extension, again requesting a deadline of June 16, 2014. On March 11, 2014, we granted the motion in part, ordered the brief filed by April 4, 2014, stated that no further extensions would be granted, and notified appellant's counsel that failure to file the brief by the deadline could result in an order requiring him to appear and show cause why he should not be held in contempt.

On March 27, 2014, appellant's original appellate counsel filed a "notice of withdrawal and substitution of attorney of record," which we construed as a motion for substitution of counsel. Further, on March 31, 2014, appellant's current counsel, Jani J. Maselli Wood, filed a "motion to designate counsel and first motion to extend time to file brief." On April 8, 2014, we granted the motion to substitute and granted appellant's motion for extension. We further ordered appellant's brief filed no later than May 4, 2014 and notified the parties that no further extensions of time to file a brief would be granted, absent extraordinary circumstances.

On May 5, 2014, appellant filed a "second motion to extend time to file brief," requesting an extension until June 4, 2014. On May 13, 2014, we granted appellant's motion, ordered appellant's brief filed no later than June 4, 2014, and notified appellant that no further extensions would be granted absent exceptional circumstances.

Nevertheless, on June 2, 2014, counsel filed a "third motion to extend time to file brief." In the motion, appellant contends that an extension is warranted because the record in this appeal is voluminous and because counsel has been working on other matters which were prioritized over this appeal. We conclude that, under the circumstances of this case, and in light of the many previous extensions granted to appellant's original and substitute counsel, appellant has failed to show exceptional circumstances that would justify a further extension of time. Therefore, we **DENY** appellant's motion. *See Sandoval v. State*, No. 07-11-0136-CR, 2011 WL 6059804, at \*1 n.2 (Tex. App.—Amarillo Dec. 6, 2011, order) (not designated for publication) ("This Court does not consider a busy work schedule as good cause for granting a subsequent motion to extend the time to file a brief."); *Newfield v. State*, 766 S.W.2d 408, 407–09 (Tex. App.—Dallas 1989, order), *pet. dism'd, improvidently granted*, 817 S.W.2d 63 (Tex. Crim. App. 1991) (denying motion for extension of time to file brief when party requested extension based on counsel's workload); *Hubbard v. State*, 649 S.W.2d 167, 169 (Tex. App.—Dallas 1983, no writ) (same); *In re Halsey*, 646 S.W.2d 306, 308 (Tex. App.—Dallas 1983, orig. proceeding) ("We recognize that many criminal law practitioners maintain heavy trial and appellate case loads. Yet a competent practitioner must balance his docket so that all clients receive proper attention. Counsel's employment or appointment on behalf of other clients awaiting trial provides no justification for neglecting his duties to the appellate court or the interests of clients whose cases are on appeal. . . . The court will not permit counsel unlimited discretion to put the interest of other and apparently more recent clients ahead of those whose appeals are pending.").

Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Jani J. Maselli Wood, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

1  Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The trial court is directed to:

(1) determine whether appellant still wishes to prosecute the appeal;
(2) if appellant does wish to prosecute the appeal, determine whether good cause exists to relieve Jani J. Maselli Wood of her duties as appellant's counsel, specifically addressing whether counsel's failure to timely file a brief constitutes good cause for removal;

    a. if good cause exists to remove counsel, enter a written order relieving Jani J. Maselli Wood of her duties as appellant's counsel, including in the order the basis for finding good cause for her removal, and appoint substitute appellate counsel at no expense to appellant;

    b. if good cause does not exist to remove counsel, provide a final deadline by which Jani J. Maselli Wood must file appellant's brief, which shall be no more than 20 days from the date of the hearing;

(3) make any other findings and recommendations the trial court deems appropriate; and
(4) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2013); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 30 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court.

If Jani J. Maselli Wood files a brief on appellant's behalf in this Court and a copy of such brief in the trial court, which brief complies with Texas Rule of Appellate Procedure 38.1, no later than 5:00 p.m. on July 8, 2014, together with a motion requesting that we withdraw this Order of Abatement, we may reconsider and withdraw this order and reinstate the appeal.

The court coordinator of the trial court shall set a hearing date, which shall be no later than July 15, 2014, and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>
      ☒ Acting individually  ☐ Acting for the Court

Date:  June 23, 2014