COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Charles Henry Jones v. The State of Texas

Appellate case number:      01-13-00984-CR

Trial court case number:    1163962

Trial court:                339th District Court of Harris County

The complete record was filed in the above-referenced appeal on January 30, 2014, making appellant's brief due on March 3, 2014. *See* TEX. R. APP. P. 4.1, 38.6(a). On March 3, 2014, appellant's appointed counsel, Cheri Duncan, filed a motion for extension of time, requesting an extension until April 3, 2014 to file the brief, which we granted. On April 3, 2014, appellant filed a second motion for extension, requesting an extension until May 3, 2014. We granted the second motion on April 4, 2014, extending the deadline for filing appellant's brief to May 5, 2014 and notifying appellant that no further extensions would be granted absent exceptional circumstances.

On May 5, 2014, appellant filed a third motion for extension, requesting another 30-day extension, to June 5, 2014, to file appellant's brief. We granted the motion the same day and notified appellant that no further extensions would be granted. We further notified appellant that failure to file the brief by June 5, 2014 would result in a late brief abatement hearing pursuant to Texas Rule of Appellate Procedure 38.8.

Nevertheless, on June 9, 2014, appellant's appointed counsel filed a fourth motion for extension of time to file appellant's brief, requesting an extension until July 7, 2014. In the motion, counsel contends that an extension is warranted because she has been working on other matters which were prioritized over this appeal and it was therefore "not possible in the allotted time to review the lengthy record and research potential issues in this" appeal.

In light of the previous extensions granted to counsel and the admonishments that no further extensions would be granted, we **DENY** appellant's motion for extension. *See Sandoval v. State*, No. 07-11-0136-CR, 2011 WL 6059804, at *1 n.2 (Tex. App.—Amarillo Dec. 6, 2011, order) (not designated for publication) ("This Court does not consider a busy work schedule as good cause for granting a subsequent motion to extend the time to file a brief."); *Newfield v. State*, 766 S.W.2d 408, 407–09 (Tex. App.—Dallas 1989, order), *pet. dism'd, improvidently granted*, 817 S.W.2d 63 (Tex. Crim. App. 1991) (denying motion for extension of time to file brief when party requested extension based on counsel's workload); *Hubbard v. State*, 649 S.W.2d 167, 169 (Tex. App.—Dallas 1983, no writ) (same); *In re Halsey*, 646 S.W.2d 306, 308 (Tex. App.—Dallas 1983, orig. proceeding) ("We recognize that many criminal law practitioners maintain heavy trial and appellate case loads. Yet a competent practitioner must balance his docket so that all clients receive proper attention. Counsel's employment or appointment on behalf of other clients awaiting trial provides no justification for neglecting his duties to the appellate court or the interests of clients whose cases are on appeal. . . . The court will not permit counsel unlimited discretion to put the interest of other and apparently more recent clients ahead of those whose appeals are pending.").

We therefore abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Cheri Duncan, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to:

(1) determine whether appellant still wishes to prosecute the appeal;
(2) if appellant does wish to prosecute the appeal, determine whether good cause exists to relieve Cheri Duncan of her duties as appellant's counsel, specifically addressing whether counsel's failure to timely file a brief constitutes good cause for removal;
    a. if good cause exists to remove counsel, enter a written order relieving Cheri Duncan of her duties as appellant's counsel, including in the order the basis for finding good cause for her

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

removal, and appoint substitute appellate counsel at no expense to appellant;

    b.    if good cause does not exist to remove counsel, provide a final deadline by which Cheri Duncan must file appellant's brief, which shall be no more than 20 days from the date of the hearing;

(3) make any other findings and recommendations the trial court deems appropriate; and

(4) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2013); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 30 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court.

If Cheri Duncan files a brief on appellant's behalf in this Court and a copy of such brief in the trial court, which brief complies with Texas Rule of Appellate Procedure 38.1, no later than 5:00 p.m. on July 8, 2014, together with a motion requesting that we withdraw this Order of Abatement, we may reconsider and withdraw this order and reinstate the appeal.

The court coordinator of the trial court shall set a hearing date, which shall be no later than July 15, 2014, and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ <u>Justice Evelyn V. Keyes</u>
           ☒ Acting individually    ☐ Acting for the Court

Date: June 23, 2014

3