COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Maron Thomas v. The State of Texas

Appellate case number:      01-13-00697-CR

Trial court case number:    2010R-0010

Trial court:                155th District Court of Austin County

The complete record was filed in the above-referenced appeal on January 30, 2014, making appellant's brief due on March 3, 2014.  *See* TEX. R. APP. P. 4.1, 38.6(a).  On February 24, 2014, appellant's appointed counsel, Patrick McCann, filed a motion for extension of time, requesting an extension until June 2, 2014 to file the brief.  We granted the motion, extending the deadline for filing appellant's brief to June 2, 2014, and notified appellant that no further extensions would be granted.

On May 30, 2014, appellant filed a second motion for extension, requesting another 75-day extension, to August 18, 2014, to file appellant's brief.  On June 3, 2014, we partially granted the motion and notified appellant that no further extensions would be granted.  We further notified appellant that failure to file the brief by July 2, 2014 would result in a late brief abatement hearing pursuant to Texas Rule of Appellate Procedure 38.8.

Nevertheless, on July 2, 2014, appellant's appointed counsel filed a third motion for extension of time to file appellant's brief, requesting a 60-day extension, to September 2, 2014.  Similarly to his previous motions, in which counsel requested extensions because he was in trial on other matters and preparing pleadings and briefs in other matters, counsel contends in his third motion that an extension is warranted because he is currently in trial on another matter.

In light of the previous extensions granted to counsel and the admonishments that no further extensions would be granted, we **DENY** appellant's motion for extension.  *See*

1

*Sandoval v. State*, No. 07-11-0136-CR, 2011 WL 6059804, at *1 n.2 (Tex. App.—Amarillo Dec. 6, 2011, order) (not designated for publication) ("This Court does not consider a busy work schedule as good cause for granting a subsequent motion to extend the time to file a brief."); *Newfield v. State*, 766 S.W.2d 408, 407–09 (Tex. App.—Dallas 1989, order), *pet. dism'd, improvidently granted*, 817 S.W.2d 63 (Tex. Crim. App. 1991) (denying motion for extension of time to file brief when party requested extension based on counsel's workload); *Hubbard v. State*, 649 S.W.2d 167, 169 (Tex. App.—Dallas 1983, no writ) (same); *In re Halsey*, 646 S.W.2d 306, 308 (Tex. App.—Dallas 1983, orig. proceeding) ("We recognize that many criminal law practitioners maintain heavy trial and appellate case loads. Yet a competent practitioner must balance his docket so that all clients receive proper attention. Counsel's employment or appointment on behalf of other clients awaiting trial provides no justification for neglecting his duties to the appellate court or the interests of clients whose cases are on appeal. . . . The court will not permit counsel unlimited discretion to put the interest of other and apparently more recent clients ahead of those whose appeals are pending.").

We therefore abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Austin County District Attorney's Office and appellant's counsel, Patrick McCann, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to:

(1) determine whether appellant still wishes to prosecute the appeal;
(2) if appellant does wish to prosecute the appeal and counsel fails or is unable to attend the hearing, enter a written order relieving Patrick McCann of his duties as appellant's counsel, including in the order the basis for finding good cause for his removal—counsel's failure to file a brief, his failure or inability to attend the hearing, and any other basis determined by the trial court—and appoint substitute appellate counsel at no expense to appellant;
(3) if appellant wishes to prosecute the appeal and counsel appears at the hearing, determine whether good cause exists to relieve Patrick McCann of his duties as appellant's counsel, specifically addressing whether counsel's failure to

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

timely file a brief constitutes good cause for removal;

    a.    if good cause exists to remove counsel, enter a written order relieving Patrick McCann of his duties as appellant's counsel, including in the order the basis for finding good cause for his removal, and appoint substitute appellate counsel at no expense to appellant;

    b.    if good cause does not exist to remove counsel, provide a final deadline by which Patrick McCann must file appellant's brief, which shall be no more than 20 days from the date of the hearing;

(4) make any other findings and recommendations the trial court deems appropriate; and

(5) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2013); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 30 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date, which shall be no later than 20 days from the date of this order, and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>
            ☒    Acting individually    ☐  Acting for the Court

Date: July 15, 2014