COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:          Tony Escobar v. The State of Texas

Appellate case number:        01-14-00593-CR

Trial court case number:      1344348

Trial court:                  338th District Court of Harris County

Appellant, Tony Escobar, has filed a "Motion for Extension of Time to File Brief." We deny the motion.

Escobar's brief was originally due on October 29, 2014. On October 28, 2014, appellant filed a motion seeking an extension of time to file his brief until December 31, 2014, contending that an extension was necessary because counsel "maintains an active trial and appellate caseload" and was busy working on other cases. We granted the motion, required Escobar to file his brief by December 31, 2014, and informed him that no further extensions would be granted absent exceptional circumstances. Nevertheless, on December 31, 2014, Escobar filed a second motion for extension of time, once again contending that an extension is necessary because counsel "maintains an active trial and appellate caseload," has been working on two other cases, one of which is newer than this case, and "continues to investigate and prepare other trial court level cases."

"[A]n allegation of workload, standing alone, does not constitute good cause for an extension." *Newfield v. State*, 766 S.W.2d 408, 408–09 (Tex. App.—Dallas 1989, order). "[I]in limited situations, for limited periods of time, workload may indeed be 'good cause' or even an 'exceptional circumstance' that justifies an extension to file a brief." *Id.* "Nevertheless, appellate counsel cannot justifiably apply for repeated extensions in a case so that he may attend to other business." *In re Halsey*, 646 S.W.2d 306, 308 (Tex. App.—Dallas 1983, orig. proceeding).

> We recognize that many criminal law practitioners maintain heavy trial and appellate case loads. Yet a competent practitioner must balance his docket so that all clients receive proper attention. Counsel's employment or appointment on behalf of other clients awaiting trial provides no

justification for neglecting his duties to the appellate court or the interests of clients whose cases are on appeal. . . . The court will not permit counsel unlimited discretion to put the interest of other and apparently more recent clients ahead of those whose appeals are pending.

*Id.*; *see Hubbard v. State*, 649 S.W.2d 167, 169 (Tex. App.—Dallas 1983, no pet.).

Here, the sole basis for Escobar's motion for extension is counsel's busy schedule. Therefore, in light of our previous order stating that no further extensions would be granted absent exceptional circumstances, we DENY Escobar's motion for extension of time. *See Sandoval v. State*, No. 07-11-0136-CR, 2011 WL 6059804, at *1 n.2 (Tex. App.—Amarillo Dec. 6, 2011, no pet.) (not designated for publication) ("This Court does not consider a busy work schedule as good cause for granting a subsequent motion to extend the time to file a brief."); *Newfield*, 766 S.W.2d at 407–09; *Hubbard*, 649 S.W.2d at 169; *In re Halsey*, 646 S.W.2d at 308.

Unless this Court receives Escobar's brief within twenty (20) days of the date of this order, we will abate the case and order the trial court to conduct a hearing pursuant to Texas Rule of Appellate Procedure 38.8(b). *See* TEX. R. APP. P. 38.8(b). No extensions of time will be granted.

It is so ORDERED.


Judge's signature: /s/ Sherry Radack

        ☑ Acting individually    ☐ Acting for the Court

Date: January 6, 2015